No. 22-30125

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

GREGORY SAVAGE,

*Plaintiff - Appellee*

v.

JAMES M. LEBLANC, Secretary, Department of Public Safety and Corrections; DARREL VANNOY, Warden, Louisiana State Penitentiary, in his individual capacity; JOSEPH LAMARTINIERE, Deputy Warden, in his individual capacity; TIM DELANEY, Deputy Warden, in his individual capacity; SHIRLEY COODY, Assistant Warden, in her individual capacity; SAUNDRA ROSSO, Inmate Banking, in her individual capacity; HEATHER HOOD, Attorney for Secretary, in her individual capacity; LUCIUS L. MORRIS, II, Louisiana Department of Revenue, in his individual capacity,

*Defendants - Appellants*

---

### CIVIL APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF LOUISIANA
Civil Action No. 3:20-cv-00811
District Judge Brian A. Jackson, Presiding

---

### ORIGINAL BRIEF ON BEHALF OF THE DEFENDANTS-APPELLANTS
James M. Leblanc, Darrel Vannoy, Joseph Lamartiniere, Tim Delaney, Shirley Coody, Saundra Rosso, Heather Hood, and Lucius L. Morris, II

---

Respectfully Submitted,

JEFF LANDRY
ATTORNEY GENERAL
STATE OF LOUISIANA

*Information continued on following page*

*/s/André Charles Castaing*
André Charles Castaing (LSBA #17509)
Assistant Attorney General
Lead Counsel on Appeal

Phyllis E. Glazer (LSBA #29878)
Assistant Attorney General
Trial Counsel

LOUISIANA DEPT. OF JUSTICE
Litigation Division, Appeals Section
1885 North Third Street
P. O. Box 94005 (70804-9005)
Baton Rouge, LA 70802
Telephone:  225-326-6300
Facsimile:   225-326-6495
E-mail:   CastaingA@ag.louisiana.gov
             GlazerP@ag.louisiana.gov

*Attorneys for the Defendants-Appellants:*
*James M. LeBlanc, Darrel Vannoy, Joseph*
*Lamartiniere, Tim Delaney, Shirley*
*Coody, Saundra Rosso, Heather Hood,*
*and Lucius L. Morris, II*

No. 22-30125

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

GREGORY SAVAGE,

*Plaintiff - Appellee*

v.

JAMES M. LEBLANC, Secretary, Department of Public Safety and Corrections; DARREL VANNOY, Warden, Louisiana State Penitentiary, in his individual capacity; JOSEPH LAMARTINIERE, Deputy Warden, in his individual capacity; TIM DELANEY, Deputy Warden, in his individual capacity; SHIRLEY COODY, Assistant Warden, in her individual capacity; SAUNDRA ROSSO, Inmate Banking, in her individual capacity; HEATHER HOOD, Attorney for Secretary, in her individual capacity; LUCIUS L. MORRIS, II, Louisiana Department of Revenue, in his individual capacity,

*Defendants - Appellants*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Cir. Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

PLAINTIFF                          COUNSEL FOR PLAINTIFF

*1.*  Gregory Savage         *2.*  Samuel Weiss, Esq.,
                                          RIGHTS BEHIND BARS

iii

DEFENDANTS-APPELLANTS

3.  Secretary James M. LeBlanc, Louisiana Department of Public Safety and Corrections ("DPSC")
4.  Warden Darrel Vannoy, Louisiana State Penitentiary ("LSP")
5.  Deputy Warden Joseph Lamartiniere, LSP
6.  Deputy Warden Tim Delaney, LSP
7.  Assistant Warden Shirley Coody, LSP
8.  Saundra Rosso, LSP
9.  Heather Hood, DPSC
10. Lucius L. Morris, II, Louisiana Department of Revenue

DISMISSED DEFENDANT

16. The Hon. Nicole Robinson, Commissioner, 19th Judicial District Court

COUNSEL FOR DEFENDANTS-APPELLANTS

11. André Charles Castaing, Lead Counsel on Appeal
12. Phyllis E. Glazer, Trial Counsel Assistant Attorneys General LOUISIANA DEPARTMENT OF JUSTICE

CO-COUNSEL FOR DEFENDANT LUCIUS L. MORRIS, II

13. Chelsea Acosta Payne, Esq.
14. Christopher K. Jones, Esq.
15. Courtney Lehan Fournet, Esq. KEOGH, COX and WILSON, LTD

COUNSEL FOR DISMISSED DEFENDANT

17. Jacqueline B. Wilson
18. James Garrison Evans
19. Rachel Phaedra Dunaway Assistant Attorneys General LOUISIANA DEPARTMENT OF JUSTICE

ADDITIONAL DEFENDANTS WHO ARE NOT APPEARING HEREIN:

20. Louisiana Governor John Bel Edwards (Dismissed from suit) Represented by AAG Phyllis Glazer, see above

21. Stephanie Lamartiniere (Not served; did not appear in trial court)

                                        */s/André Charles Castaing*
                                        ANDRÉ CHARLES CASTAING

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

The Defendants-Appellants[1] respectfully suggest that oral argument will aid the decisional process.  The district court denied qualified immunity to eight (8) individuals including the Secretary of the Louisiana Department of Public Safety and Corrections ("DPSC"), an attorney in the DPSC legal office, an attorney employed by the Louisiana Department of Revenue, and five corrections officials.  The district court did not evaluate the conduct of each defendant when denying qualified immunity to all eight defendants.

Plaintiff-Appellee, Gregory Savage, contends all eight Defendants violated his due process rights through their alleged interference with his Administrative Remedy Procedure (ARP) prison grievance and his pending state court lawsuit.  Neither Savage nor the district court identified a property interest that is clearly protected by the 14th Amendment Due Process Clause.  Correspondingly, the District Court failed to articulate how any of the eight defendants denied the Plaintiff a process he was due, or how each defendant's conduct was objectively unreasonable in light of clearly established law.  The Defendants will present argument regarding Savage's failure to carry his burden to overcome both elements of the qualified immunity defense and the district court's erroneous denial of the defense.

---

[1] James M. LeBlanc, Darrel Vannoy, Joseph Lamartiniere, Tim Delaney, Shirley Coody, Saundra Rosso, Heather Hood, and Lucius L. Morris, II.  All of them except Morris are officers or employees of the Louisiana Department of Public Safety and Corrections.

# <u>TABLE OF CONTENTS</u>

CERTIFICATE OF INTERESTED PERSONS .................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ................................................. v

TABLE OF CONTENTS .......................................................................... vi

TABLE OF AUTHORITIES ..................................................................... ix

JURISDICTIONAL STATEMENT ......................................................... 1

ISSUES PRESENTED ............................................................................ 2

STATEMENT OF THE CASE ................................................................. 4

     A.    The parties to the lawsuit. ................................................ 5

     B.    Savage's claims and allegations ....................................... 7

     C.    Savage filed a prison grievance, which was denied. ............ 9

     D.    A Commissioner in the 19th JDC is functionally equivalent to a Magistrate Judge in the federal court system. ............ 10

     E.    Savage filed a lawsuit in Louisiana state district court, which is pending. ........................................................ 11

     F.    Proceedings in the federal district court. .......................... 12

SUMMARY OF THE ARGUMENT ....................................................... 14

ARGUMENT ........................................................................................ 16

I.    Legal standards governing review of Defendants' motion to dismiss based on qualified immunity: ................................................ 17

     A.    Rule 8 pleading standard. .............................................. 17

     B.    The burden to overcome qualified immunity rests with Savage ...................................................................... 18

     C.    Law on Qualified immunity. .......................................... 19

II.    The district court did not find that Plaintiff pleaded a violation of a clearly established Constitutional right. ........................................................20

III.   The Defendants are entitled to qualified immunity because Savage failed to show that Louisiana's post-deprivation remedies for property loss are constitutionally inadequate. ...............................................22

       A.    Savage's Complaint is about post-deprivation remedies. ...................23

       B.    Savage fails to carry his burden to show Louisiana's post-deprivation procedures are constitutionally inadequate. Therefore, the Defendants are entitled to qualified immunity. ...........26

       C.    Savage fails to rebut the presumption that Louisiana's post-deprivation remedies are constitutionally inadequate. ........................28

       D.    Result:  the Defendants are entitled to qualified immunity. ...............34

IV.    The Defendants are entitled to qualified immunity on Savage's separate § 1983 "conspiracy" claims because no such claim exists. ............34

       A.    "No deprivation, no §1983 conspiracy" is the law of this Circuit. .................................................................................35

       B.    Savage's claims about the responses to his prison grievance (Counts 1, 2, and 8). ..............................................................35

       C.    The remaining claims. ........................................................36

       D.    Result:   the Defendants are entitled to qualified immunity from Savage's freestanding §1983 conspiracy claims. ........................37

V.     The district court erred when it did not conduct the defendant-by-defendant analysis required by this Court's qualified immunity jurisprudence.................................................................................37

       A.    The district court must conduct a defendant-by-defendant analysis for qualified immunity purposes. ..........................................38

       B.    The district court did not conduct the required defendant-by-defendant analysis. ..............................................................39

    C.    Result. ................................................................................................41

CONCLUSION AND RELIEF REQUESTED .......................................................41

CERTIFICATE OF SERVICE ..................................................................................43

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,
    TYPEFACE       REQUIREMENTS,     AND     TYPE-STYLE
    REQUIREMENTS .............................................................................................43

# TABLE OF AUTHORITIES

## Cases

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) ........................................................................... 21

*Amador v. Vasquez*, 961 F.3d 721 (5th Cir. 2020), cert. denied, --- U.S. ---, 141 S.Ct. 1513, 209 L.Ed.2d 252 (2021) .............................. 19

*Anderson v. Creighton*, 483 U.S. 635, 107 S. Ct. 3034, 97 L.Ed.2d 523 (1987) ........................................................................................ 18

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) .................................................................................. 2, 18, 37

*Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972) ............... 21

*Betts v. Brennan*, 22 F.4th 577 (5th Cir. 2022) .................................. 19, 20

*Bevill v. Fletcher*, 26 F.4th 270 (5th Cir. 2022) ................ 2, 17, 35, 36, 38

*Brosseau v. Haugen*, 543 U.S. 194, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) ........................................................................................ 19

*Calder v. Bull*, 3 U.S. (3 Dall.) 386, 387, 1 L.Ed. 648 (1798) ................. 33

*Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) .......... 17

*Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) ........................................................................................ 27

*Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986) ........................................................................................ 27

*Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010) ......................................... 9

*Dyer v. Houston*, 964 F.3d 374 (5th Cir. 2020) .................................... 5, 38

*Edionwe v. Bailey*, 860 F.3d 287 (5th Cir. 2017) ..................................... 21

*Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ................................................................................17

*Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005) .............................. 32, 36

*Hale v. Townley*, 45 F.3d 914 (5th Cir. 1995) .........................................35

*Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) ................................................................................18

*Howard v. King*, 707 F.2d 215 (5th Cir. 1983)......................................17

*Joseph on behalf of Estate of Joseph v. Bartlett*, 981 F.3d 319 (5th Cir. 2020) ............................................................................ 20, 39

*Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) ..........................................................................21

*Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 262 (5th Cir. 2019) .......................................39

*Marshall v. Norwood*, 741 F.2d 761 (5th Cir. 1984)........................ 27, 28

*Marchand v. Louisiana Dep't of Pub. Safety & Corr.*, 2020-0747 (La. App. 1 Cir. 2/24/21), 322 So.3d 269, writ denied, 2021-0457 (La. 9/27/21), 324 So.3d 104......................................................10

*Meadours v. Ermel*, 483 F.3d 417 (5th Cir. 2007) ................................39

*Morris v. Livingston*, 739 F.3d 740 (5th Cir. 2014) ........................ 26, 27

*Mullenix v. Luna*, 577 U.S. 7, 136 S.Ct. 305, 193 L.Ed.2d 255 (2015) ..................19

*Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) ............................................................................ 19, 20

*Phillips v. Wash. Legal Found.*, 524 U.S. 156 (1998)............................21

*Porter v. Epps*, 659 F.3d 440 (5th Cir. 2011) .........................................19

*Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) ................................................................................19

*Shaw v. Villanueva*, 918 F.3d 414 (5th Cir. 2019) ........................................... 35, 38

*Spikes v. McVea*, 12 F.4th 833 (5th Cir. 2021) (on panel rehearing), further reh'g denied, No. 19-30019, 2021 WL 4978586 (5th Cir. Oct. 13, 2021) ...........................................................................................5

*Taylor v. Riojas*, --- U.S. ---, 141 S.Ct. 52, 208 L.Ed.2d 164 (2020)................ 5, 39

*Terwilliger v. Reyna*, 4 F.4th 270 (5th Cir. 2021) ....................................................18

*Turner v. GoAuto Ins. Co.*, --- F.4th ---, 2022 WL 1302482 (5th Cir. 05/02/2022) ...........................................................................................................33

*U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370 (5th Cir. 2004) .......................................................................................................................9

*Waller v. Hanlon*, 922 F.3d 590 (5th Cir. 2019).....................................................18

*Wigginton v. Jones*, 964 F.3d 3298 (5th Cir. 2020), cert. denied sub nom. *Wigginton v. Univ. of Mississippi*, 141 S.Ct. 1268, 209 L.Ed.2d 10 (2021) .............................................................................................21

*Zapata v. Melson*, 750 F.3d 481 (5th Cir. 2014) .....................................................39

## Constitutional provision

14th Amendment.............................................................. v, 1, 2, 4, 20, 22

## Federal Statutes

28 USC §636 .........................................................................................................11

28 USC §1291 .........................................................................................................1

28 USC §1294 .........................................................................................................2

28 USC §1331 .........................................................................................................1

42 USC §1983 .............................................................................................. *passim*

**Federal Rules**

FRAP 8 ................................................................................................. 19

FRAP 32 ............................................................................................... 45

5th Cir. Rule 28.2.1 ............................................................................... ii

FRCP 12(b)(6) ......................................................................... 1, 2, 8, 15

**Louisiana Statutes**

La.R.S. 13:711 ...................................................................................... 10

La.R.S. 13:713 ........................................................................... 10, 11, 29

La.R.S. 15:875 ..................................................................................... 9, 30

## JURISDICTIONAL STATEMENT

he Defendants timely appeal from the district court's February 10, 2022, Ruling and Order[2], which denied their qualified immunity-based FRCP 12(b)(6) motion to dismiss.  The district court had subject matter jurisdiction over Savage's lawsuit and this Court has appellate jurisdiction over this appeal.

District court jurisdiction:  Savage filed suit under 42 USC §1983 asserting violations of his 14th Amendment rights.[3]  He asserted the district court had subject matter jurisdiction under 28 USC §1331 (federal question) and 28 USC 1343 (civil rights and elective franchise).[4]  The Defendants agree that the district court had subject matter jurisdiction.

Appellate jurisdiction:  This Court has appellate jurisdiction under 28 USC §1291 and the collateral order doctrine.  The Defendants filed a motion to dismiss in which they asserted they were entitled to qualified immunity.[5]  On February 10, 2022, the district court denied the qualified immunity-based motion to dismiss.[6]  On March 10, 2022, the Defendants timely filed a Notice of Appeal from the district court's Ruling and Order to the extent it denied their assertion of qualified

---

[2] ROA.300; "Ruling and Order".

[3] ROA.9; "Civil Rights Complaint under 42 U.S.C.A. 1983".

[4] ROA.11; Complaint, at ¶1.

[5] ROA.159.

[6] ROA.300; "Ruling and Order".

immunity.[7]  This Court has appellate jurisdiction to review the district court's order denying the Defendants' qualified immunity-based motion to dismiss.  By definition, an FRCP 12(b)(6) motion turns on an issue of law.[8]

## ISSUES PRESENTED

1.  The DPSC withheld funds from inmate hobbycraft sales at the Angola Prison Rodeo to pay sales taxes, commissions, and credit card fees.  Does an inmate have a clearly established property interest in those withheld funds protected by the Due Process Clause of the 14th Amendment?  Are the defendants entitled to qualified immunity?

2.  Savage challenges the adequacy of Louisiana's post-deprivation remedies for loss of property.  This Court has held there is a presumption that Louisiana's post-deprivation process is constitutionally adequate.  However, a plaintiff has the opportunity to prove they are inadequate.  Did Savage carry his burden to show the post-deprivation process is inadequate when he has not completed the process?  Are the Defendants entitled to qualified immunity?

3.  Savage asserts specific actions regarding his prison grievance and pending state court lawsuit rendered Louisiana's post-deprivation process

---

[7] ROA.304; "Notice of Appeal".  A ruling from the U. S. District Court for the Middle District of Louisiana is properly appealed to this Court.  28 USC §1294(1).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 672, 129 S.Ct. 1937, 1946, 173 L.Ed.2d 868 (2009) and *Bevill v. Fletcher*, 26 F.4th 270, 274 (5th Cir. 2022).

constitutionally inadequate.  Assuming he can raise this issue before the process has been completed, did Savage carry his burden to show those specific actions rendered the process constitutionally inadequate?  Are the Defendants entitled to qualified immunity?

4.  The district court denied the Defendants' assertion of qualified immunity from Savage's freestanding §1983 conspiracy claims.  As a matter of law, there is no §1983 conspiracy claim without an actual deprivation of a clearly established constitutional right.  Are the Defendants entitled to qualified immunity from claims that, as a matter of law, do not exist?

5.  The Defendants asserted they were entitled to qualified immunity because Savage did not allege sufficient specific facts as to what each individual defendant personally did that violated Savage's clearly established constitutional rights.  The district court denied their assertion of qualified immunity without performing the defendant-by-defendant, claim-by-claim analysis required by this Court's qualified immunity jurisprudence.  Did the district court err when it denied the Defendants assertion of qualified immunity without performing the mandatory analysis?

## STATEMENT OF THE CASE

The Louisiana Department of Public Safety and Corrections (DPSC) allows incarcerated offenders to sell hobbycraft items at the Angola Prison Rodeo. Savage alleges he has done so since 1996. Plaintiff alleges DPSC illegally withholds funds from those sales to pay sales taxes, certain commissions, and credit card fees. He filed a prison grievance, which was denied, and then filed a state court lawsuit, which is pending.

In this lawsuit, Savage brings 14th Amendment procedural due process claims, asserting Louisiana's post-deprivation remedies are constitutionally inadequate. He seeks punitive damages, injunctive relief, and declaratory relief regarding alleged inadequacies in the post-deprivation process. He does not seek any compensatory damages.

The Defendants-Appellants[9] filed a motion to dismiss in which they asserted qualified immunity from Savage's claims. The district court denied their assertion of qualified immunity as to most of those claims. This was legal error. This Court should reverse the district court, find the Defendants are entitled to qualified immunity, and enter judgment in their favor, dismissing Savage's claims with prejudice.

---

[9] James M. LeBlanc, Darrel Vannoy, Joseph Lamartiniere, Tim Delaney, Shirley Coody, Saundra Rosso, Heather Hood, and Lucius L. Morris, II. All of them except Morris are officers or employees of DPSC.

4

A.    <u>**The parties to the lawsuit.**</u>

The plaintiff, Gregory Savage, is a convicted felon sentenced to the custody of DPSC, who is and at all pertinent times was incarcerated at the Louisiana State Penitentiary in Angola, Louisiana ("LSP"). The prison is frequently referred to as "Angola" or "Angola Prison".

When evaluating an assertion of qualified immunity, the Court must conduct a defendant-by-defendant analysis.[10] Therefore, it is particularly important to identify each individual Defendant in this eleven-defendant lawsuit. The eight Defendants-Appellants are listed first.

1.    James M. LeBlanc is, and at all relevant times was Secretary of DPSC ("Secretary LeBlanc").

2.    Darrel Vannoy was employed by DPSC as Warden of Angola Prison. He has since retired ("Warden Vannoy").

3.    Joseph Lamartiniere was employed by DPSC as a Deputy Warden of Angola Prison ("Deputy Warden Lamartiniere").

4.    Tim Delaney was employed by DPSC as a Deputy Warden of Angola Prison ("Deputy Warden Delaney").

---

[10] *Spikes v. McVea*, 12 F.4th 833 (5th Cir. 2021) (on panel rehearing), further reh'g denied, No. 19-30019, 2021 WL 4978586 (5th Cir. Oct. 13, 2021), citing *Taylor v. Riojas*, --- U.S. ---, 141 S.Ct. 52, 54, 208 L.Ed.2d 164 (2020) (noting "an officer-by-officer analysis will be necessary on remand") and *Dyer v. Houston*, 964 F.3d 374, 382 n.6 (5th Cir. 2020) (noting that, for qualified immunity, the Court must assess each officer's individual conduct).

5

5.  Shirley Coody was employed by DPSC as an Assistant Warden of Angola Prison ("Assistant Warden Coody").

6.  Saundra Rosso was employed by DPSC in the Inmate Banking office at Angola Prison.

7.  Heather Hood was employed by DPSC as an attorney in the legal section of DPSC headquarters.

8.  Lucius L. Morris, II was employed by the Louisiana Department of Revenue as an attorney.

The District Court dismissed two Defendants.

9.  The Hon. Nicole Robinson who is, and at all relevant times was, a Commissioner of the 19th Judicial District Court, East Baton Rouge Parish, State of Louisiana. [11]

10. Louisiana Governor John Bel Edwards.[12]

The final named defendant has not been served and has not appeared in the lawsuit.

---

[11] Commissioner Robinson (through separate counsel) filed her own FRCP 12(b)(6) motion to dismiss. ROA.137. Adopting the Magistrate Judge's Report and Recommendation, the district court granted Commissioner Robinson's motion and dismissed all claims against her with prejudice. ROA.298 Accordingly, she is not involved in this appeal

[12] Governor Edwards joined in the motion to dismiss filed by the Defendants-Appellants. Adopting the Magistrate Judge's Report and Recommendation, the district court granted Governor Edwards' motion and dismissed all claims against him with prejudice. ROA.302 (Ruling and Order). Accordingly, he is not involved in this appeal.

11.  Stephanie Lamartiniere was employed by DPSC as a Deputy Warden of Angola Prison. She has since retired. She is not involved in this appeal.

## B.    Savage's claims and allegations

Savage alleges his property, proceeds from the sale of hobbycraft, was unconstitutionally taken without due process.[13] Plaintiff alleges Defendants Rosso, Deputy Warden Joseph Lamartiniere, and Deputy Warden Delaney conspired to violate his constitutional rights and to cover up that violation by failing to report that Warden Vannoy was allegedly illegally confiscating his rodeo funds.[14]

Savage also alleges his due process rights were violated when his ARP was denied at the first step by Defendants Warden Vannoy and Hood, and at the second step by Defendants Secretary LeBlanc and Hood.[15] Plaintiff correspondingly alleges Defendants Warden Vannoy, Rosso, Stephanie Lamartiniere, and Assistant Warden Coody conspired to "prepare and approve the erroneous first step denial."[16] The district court dismissed the claims against Warden Vannoy and Hood regarding

---

[13] Complaint, ¶¶26-28 (at ROA.15-16) and ¶46 (at ROA.20).

[14] Complaint, ¶¶41-44 (at ROA.18-19) and ¶54-55 (at ROA.23-24).

[15] Complaint, ¶29 (at ROA.16) and ¶47 (at ROA.20).

[16] Complaint, ¶41 (at ROA.18-19) and ¶53 (at ROA.22-23).

denial of his ARP.[17]  The claims about the conspiracy to deny the ARP were allowed to proceed.[18]

The Plaintiff claims he filed a "Petition for Writ of Mandamus" in the 19th Judicial District Court for the Parish of East Baton Rouge demanding "LSP officials to pay restitution in the amount of $16,000 plus interest or show cause to the contrary."[19]  The Plaintiff alleges Commissioner Robinson converted the Petition for Writ of Mandamus into a Petition for Judicial Review and found that the issues presented therein could be resolved on the briefs without oral argument.[20]  The Plaintiff alleges Defendants Secretary LeBlanc and Hood violated Savage's constitutional rights by instructing Commissioner Robinson to convert the Plaintiff's Mandamus Action into a Petition for Judicial Review.[21]  Savage further alleges Defendants Hood and Commissioner Robinson violated his due process rights by conspiring to convert his mandamus action into a petition for judicial review.[22]

---

[17] Ruling and Order at ROA.302 and Magistrate Judge's Report and Recommendation at ROA.277-278.

[18] Ruling and Order at ROA.300-303 and Magistrate Judge's Report and Recommendation at ROA.275-278.

[19] Complaint, ¶18 (at ROA.14).

[20] Complaint, ¶20 (at ROA.14).

[21] Complaint, ¶¶34-36 (at ROA.17) and ¶48 (at ROA.20-21).

[22] Complaint, ¶¶49-50 (at ROA.21-22).

Plaintiff further alleges Defendants Hood and Morris conspired to file a false affidavit into the record of "a court proceeding".[23]   He does not allege that the affidavit was filed into the record of <u>his</u> state court lawsuit.  Savage attached a copy of that purported affidavit to his Complaint.[24]  An exhibit attached to the Complaint is part of the complaint for all purposes and the district court may consider it when ruling on a FRCP 12(b)(6) motion.[25]   The case caption on the affidavit is for a completely different state court lawsuit with a different plaintiff.

The proceedings in the 19th JDC are ongoing.

### C.   Savage filed a prison grievance, which was denied.

Savage filed a prison grievance regarding the alleged illegal taking of his hobby craft proceeds.  It was assigned, ARP[26] No. LSP-2018-2429.[27]  He wanted DPSC to "refund" the money.  He also asked for a restitution hearing "as mandated by R.S. 15:875".[28] DPSC denied his grievance. After the grievance was denied,

---

[23] Complaint, ¶¶37-40 (at ROA.17-18) and ¶¶51-52 (at ROA.22).

[24] ROA.45-46.

[25] *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004).

[26] The ARP acronym refers to the Administrative Remedy Procedure, which is the title of Louisiana's prison grievance process.  See *Dillon v. Rogers*, 596 F.3d 260, 265-66 (5th Cir. 2010).

[27] ROA.31.

[28] As will be explained below, whatever remedies Savage was entitled to seek for the alleged illegal taking of his property, those remedies do not include a restitution hearing under La.R.S. 15:875.

Plaintiff filed a "mandamus petition" in the 19th JDC demanding the Court compel DPSC to refund his money.

### D.    A Commissioner in the 19th JDC is functionally equivalent to a Magistrate Judge in the federal court system.

Most of Savage's claims involve his ongoing state court lawsuit. In order to put Savage's state court proceedings into context, it is helpful to understand the role of a Commissioner in the 19th JDC. For all relevant purposes here, a Commissioner is the Louisiana state court equivalent of a United States Magistrate Judge in the federal system.

The 19th Judicial District Court is the state trial court of general jurisdiction for East Baton Rouge Parish (Baton Rouge), Louisiana. In addition to its complement of elected district judges, the 19th JDC has two Commissioners, judicial positions created by Louisiana law.[29] A Commissioner is selected by the judges of that district and serves at their pleasure.[30]

The Louisiana Court of Appeal for the First Circuit, which is the appellate court with direct review of the 19th JDC, described the role of a Commissioner in prisoner lawsuits:[31]

---

[29] La.R.S. 13:711(A).

[30] La.R.S. 13:711(B).

[31] *Marchand v. Louisiana Dep't of Pub. Safety & Corr.*, 2020-0747 (La. App. 1 Cir. 2/24/21), 322 So.3d 269, 272, n. 5, writ denied, 2021-00457 (La. 9/27/21), 324 So.3d 104. The parties have a right to "traverse" (i.e., file objections to) the Commissioner's report and recommendations. La.R.S. 15:713(C).

> The office of commissioner of the 19th JDC was created
> by La. R.S. 13:711 to hear and recommend disposition of
> criminal and civil proceedings arising out of the
> incarceration of state prisoners. The commissioner's
> written findings and recommendations are submitted to a
> district judge, who may accept, reject, or modify them. La.
> R.S. 13:713C(5).

The process through which a commissioner prepares findings and

recommendations and presents them to a district judge, which is detailed in La. R.S.

13:713(C), is effectively equivalent to the process through which matters are referred

to a U.S. Magistrate Judge.[32]  Most relevant here, the process through which "Any

party … may traverse such findings or recommendations…" is also detailed in §R.S.

13:713(C). Like in the federal system, the ruling of the district court, not the

recommendation of the commissioner, is the final ruling of the court for appeal

purposes.

### E.   Savage filed a lawsuit in Louisiana state district court, which is pending.

After his ARP grievance was denied, Savage filed suit in the 19th Judicial

District Court, styled as a "Petition for Writ of Mandamus".[33]  Pursuant to La.R.S.

13:713, his state court lawsuit was referred to 19th JDC Commissioner Nicole

Robinson.  Subsequently, Commissioner Robinson entered an order directing that

---

[32] See 28 USC §636.

[33] ROA.35.

11

the matter would be determined on written briefs and setting a briefing schedule.[34]
Savage's state court lawsuit is still pending before Commissioner Robinson. The
district judge has not yet issued a ruling.

### F.    **Proceedings in the federal district court.**

Despite the ongoing state court litigation he had initiated, Savage filed the
instant lawsuit in federal district court. In response to Savage's lawsuit, the eight
Defendants (along with Louisiana Governor John Bel Edwards) filed a qualified
immunity based-Motion to Dismiss.[35] That motion is at issue in this appeal. Savage
filed an opposition to the motion.[36] That completed the briefing.

The motion was referred to a Magistrate Judge. On September 14, 2021, the
Magistrate Judge issued a Report and Recommendation on the motion.[37] That
Report and Recommendation is at issue in this appeal.

The Magistrate Judge first recommended that the district court grant the
motion as to Louisiana Governor John Bel Edwards and dismiss all claims against
him, with prejudice.[38] That recommendation was not challenged by the Defendants
or the Plaintiff.

---

[34] ROA.43.

[35] ROA.159.

[36] ROA.187.

[37] ROA.285.

[38] ROA.277-278.

The Magistrate Judge next recommended that the district court grant the motion as to Savage's claims asserted against the Defendants for denial of his prison grievances (this involves Counts 1, 2, and 8).[39]   Finally, the Magistrate Judge recommended the district court deny the Defendants' motion in all other regards.[40] The Magistrate Judge specifically found that the Defendants were not entitled to qualified immunity.[41]

On September 28, 2021, the Defendants timely filed Objections to the Report and Recommendation.[42]   Savage did not respond or file his own Objections.

On February 10, 2022, the district court entered a Ruling and Order on the Defendants' motion.[43]   That Ruling and Order is at issue in this appeal.   The district court approved the Magistrate Judge's Report and Recommendation and adopted it as the opinion of the Court.   The district court dismissed Savage's claims against the eight Defendants for denial of his prison grievance, with prejudice.[44]   It denied the Defendants' motion to dismiss in all other respects, including freestanding

---

[39] ROA.277-278.

[40] ROA.275-277.

[41] ROA.275-276.

[42] ROA.285.

[43] ROA.300.

[44] ROA.302; Ruling and Order.  These claims were against Secretary LeBlanc, Warden Vannoy, Heather Hood, Saundra Rosso, one of the two Lemartinieres (the Complaint doesn't specify which one) and Assistant Warden Coody.  ROA.20 (¶¶46 and 47; Counts 1 and 2) and ROA.23-24 (¶53; Count 8).

conspiracy claims arising out of the denial of Savage's grievance.  The district court specifically found the eight Defendants were not entitled to qualified immunity on all the remaining claims.  The denial of qualified immunity is the subject of this appeal.

On March 10, 2022, the eight Defendants timely appealed to this Court from the denial of their qualified immunity defense.[45]

## SUMMARY OF THE ARGUMENT

For decades, DPSC prison administrators have allowed inmates to sell their hobbycraft at the world-famous Angola Prison Rodeo.  DPSC withholds funds to pay sales taxes, commissions, and credit card fees.  Savage sold hobbycraft at the Rodeo and those sales were subject to that withholding.  Savage avers the withholding is illegal.  He lodged this argument in a prison grievance in which he asked DPSC to return the withheld funds.  After his grievance was denied, he filed suit in the 19th Judicial District Court seeking return of the funds.

That suit is pending. He also filed this lawsuit.

In this suit, Savage contends all eight Defendants-Appellants violated his procedural due process rights through their alleged interference with Savage's prison grievance and pending state court lawsuit. The Defendants are entitled to qualified immunity.  It is not clearly established that Savage had a protected property interest

---

[45] ROA.304; "Notice of Appeal".

in the withheld funds.  Savage admits in the pleadings that he was aware the funds would be withheld (he alleges he has been selling hobbycraft since 1996).

Further, Louisiana has constitutionally adequate post-deprivation remedies for loss of property.  Savage has the burden to show that those post-deprivation remedies are inadequate.  He failed to do so.  The district judge did not even analyze the issue.

Savage's state court lawsuit (part of his available post-deprivation remedies) is still pending. Because the state proceedings are ongoing, Savage did not carry his burden of showing the remedies are constitutionally inadequate.  The district court did not even acknowledge that argument.

Savage also asserts that the process became constitutionally inadequate: (1) when certain Defendants denied his prison grievance; (2) when the Commissioner entered an order that the state court lawsuit would be determined on briefs and set a briefing schedule; (3) when certain defendants filed an allegedly "false" affidavit in a completely separate lawsuit; and (4) when certain defendants concealed and/or failed to report that Warden Vannoy was allegedly illegally confiscating his rodeo funds. Savage failed to carry his burden to show how any of these actions rendered his post-deprivation remedies constitutionally inadequate.  Particularly, he failed to show any causation on how these actions actually injured the presumptively adequate process.

The district court denied the Defendants' assertion of qualified immunity from Savage's freestanding §1983 conspiracy claims.  As a matter of law, there is no §1983 conspiracy claim without an actual deprivation of a clearly established constitutional right.  The Defendants are entitled to qualified immunity from freestanding §1983 conspiracy claims that, as a matter of law, do not exist.

The Defendants asserted they were entitled to qualified immunity because Savage did not allege sufficiently specific facts as to what each individual defendant personally did that violated Savage's clearly established constitutional rights.  The district court denied their assertion of qualified immunity without performing the defendant-by-defendant, claim-by-claim analysis required by this Court's qualified immunity jurisprudence.  As a result of this clear legal error, the district court incorrectly denied the Defendants' assertion of qualified immunity.

## ARGUMENT

The district court erroneously denied qualified immunity to all eight Defendants.  This Court should reverse the district court, grant the Defendants' motion to dismiss, and render judgment dismissing Savage's claims against them with prejudice.

I.    **Legal standards governing review of Defendants' motion to dismiss based on qualified immunity:**

This Court reviews *de novo* the district court's denial of a motion to dismiss on qualified immunity grounds.[46]

A.    **Rule 8 pleading standard.**

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers".[47]   When ruling on a motion to dismiss a *pro se* complaint for failure to state a claim, the court must examine the entire complaint, as supplemented and amended, and all attachments thereto.[48]

Under FRCP 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that

---

[46] *Bevill*, 26 F.4th at 274.

[47] *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (internal citations and quotation marks omitted).

[48] *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) (citing *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)).

are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).[49]

The "driving force" behind the qualified immunity defense is that "insubstantial claims against government officials [should] be resolved prior to discovery…"[50] "When confronted with a qualified-immunity defense at the pleadings stage, the plaintiff must plead facts which, if proved, would defeat [the] claim of immunity."[51] (internal quotation marks and citations omitted). (additional citation omitted)).

**B.     The burden to overcome qualified immunity rests with Savage.**

After the Defendants invoked qualified immunity in their motion to dismiss, "the burden shifts to the plaintiff to plead specific facts to overcome the defense".[52] To discharge this burden, Savage must successfully allege that each Defendant "violated a statutory or constitutional right, and that the right was clearly established at the time of the challenged conduct."[53]

---

[49] *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

[50] *Anderson v. Creighton*, 483 U.S. 635, 639-40 n.2, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

[51] *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019)

[52] *Terwilliger v. Reyna*, 4 F.4th 270, 284 (5th Cir. 2021).

[53] *Terwilliger,* 4 F.4th at 284 (internal quotation marks and ellipsis omitted).

**C.**    <u>**Law on Qualified immunity.**</u>

A public official is entitled to qualified immunity unless the plaintiff demonstrates that: (1) the defendant violated the plaintiff's constitutional rights; and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation.[54]  "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted."[55] Objective reasonableness is a question of law, which this Court we reviews *de novo*.[56]

The Supreme Court repeatedly and specifically instructs lower courts "not to define clearly established law at a high level of generality".[57]  The "clearly established" inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition".[58] To ascertain the "clearly established law", the plaintiff must "identify a case - usually, a body of relevant case law - in which an officer acting under similar circumstances was held to have violated the

---

[54] *Betts v. Brennan*, 22 F.4th 577, 582 (5th Cir. 2022).

[55] *Porter v. Epps,* 659 F.3d 440, 445 (5th Cir. 2011) (brackets in original), citing, *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), overruled in part on other grounds by *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009).

[56] *Amador v. Vasquez*, 961 F.3d 721, 727 (5th Cir. 2020), cert. denied, --- U.S. ---, 141 S.Ct. 1513, 209 L.Ed.2d 252 (2021).

[57] *Mullenix v. Luna*, 577 U.S. 7, 12, 136 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015).

[58] *Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S.Ct. 596, 599, 160 L.Ed.2d 583 (2004).

Constitution".[59]  While there need not be "a case directly on point," the unlawfulness

of the challenged conduct must be "beyond debate".[60]  Prior law must define the

right "with specificity" rather than a high level of generality.[61]  While there need not

be 'a case directly on point,' the unlawfulness of the challenged conduct must be

'beyond debate.'"[62]

## II.     The district court did not find that Plaintiff pleaded a violation of a clearly established Constitutional right.

While the two-pronged qualified immunity analysis may be considered in

either order, it is error for the district court to deny qualified immunity without

considering and resolving both prongs in plaintiff's favor.[63]  The district court

effectively bypassed the first element of the qualified immunity defense by failing

to consider whether the Plaintiff sufficiently alleged facts depicting a property

interest that is protected by the Fourteenth Amendment to the United States

Constitution.  As such, the district court denied qualified immunity to each of the

eight Defendants without a finding that any of them violated a clearly established

constitutional right.

---

[59] *Joseph on behalf of Estate of Joseph v. Bartlett*, 981 F.3d 319, 329 (5th Cir. 2020) (cleaned up and footnotes omitted).

[60] *Joseph*, 981 F.3d at 329 (footnotes omitted).

[61] *Betts*, 22 F.4th at 584.

[62] *Joseph*, 981 F.3d at 330 (ellipse and brackets in original).

[63] See *Pearson v. Callahan*, 555 U.S. 223, 242, 129 S. Ct. 808, 821, 172 L.Ed.2d 565 (2009)

Every 42 USC §1983 action requires an actual deprivation of a right secured by the Constitution or laws of the United States.  The first inquiry in every due process challenge—whether procedural or substantive—is whether the plaintiff has been deprived of a protected interest in property or liberty.[64]  "Because the Constitution protects rather than creates property interests, the existence of a property interest is determined by reference to 'existing rules or understandings that stem from an independent source such as state law.' "[65]  Identification of the protected property interest is necessary because, without it, the Court cannot identify what process was due.[66]  The court's failure to identify, as a matter of law, what process(es) Savage was allegedly due is glaringly obvious.

Plaintiff alleges his money, proceeds from the sale of hobbycraft at the Angola Prison Rodeo, was taken by DPSC without his consent and without affording him "due process."  "As the party defending against a claim of qualified immunity, [Savage] bears the burden of demonstrating that clearly-established law placed Defendants on notice that they were violating his protected property interest."[67]

---

[64] *Edionwe v. Bailey*, 860 F.3d 287, 292 (5th Cir. 2017) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999)).

[65] *Phillips v. Wash. Legal Found.*, 524 U.S. 156, 164 (1998) (quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)).

[66] *Logan v. Zimmerman Brush Co.* 455 U.S. 422, 428 (1982) ("At the outset, then, we are faced with what has become a familiar two-part inquiry: we must determine whether Logan was deprived of a protected interest, and, if so, what process was his due.").

[67] *Wigginton v. Jones*, 964 F.3d 329, 338 (5th Cir. 2020), cert. denied sub nom. *Wigginton v. Univ. of Mississippi*, 141 S.Ct. 1268, 209 L.Ed.2d 10 (2021).

The district court concluded that the eight Defendants were not entitled to qualified immunity because, "Plaintiff has asserted facts that, if true, may reveal some collaboration by Defendants during the administrative remedy process [ARP] to deprive him of a restitution hearing and a state court review."[68]  The district court did not explain how Savage's hobbycraft proceeds were protected by the Fourteenth Amendment.  Correspondingly, the district court failed to explain how (or find that) the ARP grievance process, a restitution hearing, or "state court review" were mandated by dictates of procedural due process as the procedures "due" to offender Savage. Finally, most brazenly, the district court failed to find that Plaintiff's constitutional rights were violated because he was *denied* those processes.

## III.   The Defendants are entitled to qualified immunity because Savage failed to show that Louisiana's post-deprivation remedies for property loss are constitutionally inadequate.

It is clear that Savage's Complaint is specifically about post-deprivation remedies (i.e. the ARP grievance process, restitution hearing, and state judicial process).  He asserts in a conclusory manner that Louisiana's post-deprivation remedies for property loss are constitutionally inadequate.  This Court should disregard such conclusory assertions.

---

[68] Ruling and Order at ROA.302, citing Magistrate Judge's Report and Recommendation at ROA.277.

### A.     Savage's Complaint is about post-deprivation remedies.

His factual allegations, requested relief, and arguments all refer to events that occurred after his funds were allegedly diverted.

#### 1.     The allegations in Savage's Complaint involve post-deprivation events.

Paragraphs 15 through 17,[69] Paragraphs 28 through 33,[70] Paragraph 41,[71] and Paragraphs 46 and 47 (Counts 1 and 2),[72] and Paragraph 53 (Count 8)[73] involve the prison grievance he filed about post-deprivation events.

Paragraphs 18 through 20,[74] Paragraphs 34 through 36,[75] and Paragraphs 48 through 50 (Counts 3 through 5)[76] involve a procedural order in the state court lawsuit he subsequent filed about post-deprivation events.

Paragraphs 21 through 27[77] involve conversations he allegedly had with Defendant Hood after the events in Paragraphs 18 through 20.

---

[69] ROA.13-14.

[70] ROA.16-17.

[71] ROA.18-19.

[72] ROA.20.

[73] ROA.22-23.

[74] ROA.14.

[75] ROA.17.

[76] ROA.20-21.

[77] ROA.14-16.

Paragraphs 37 through 40[78] and Paragraphs 51 and 52 (Counts 6 and 7)[79] involve actions by Defendant Hood and Defendant Morris in subsequently filing an allegedly "false" affidavit in a completely separate state court lawsuit involving a different plaintiff.

Finally, Paragraphs 42 through 44[80] and Paragraphs 54 and 55 (Counts 9 and 10)[81] involve allegations that certain Defendants either covered up or failed to report the allegedly illegal deprivation of the funds.

Additionally, the district court vaguely found some right to a restitution hearing.[82]

### 2.    Savage's prayer for relief involves post-deprivation events.

Notably, in his claims for relief, he does NOT seek compensatory damages based on the actual taking of his funds.  He does not seek <u>any</u> compensatory damages.  Rather he only seeks a declaratory judgment regarding post-deprivation events,[83] an injunction against retaliation,[84] and punitive damages of $25,000.00 per

---

[78] ROA.17-18.

[79] ROA.22.

[80] ROA.19.

[81] ROA.23-24.

[82] ROA.301

[83] ROA.24-25; Complaint, Relief Requested, ¶A.

[84] ROA.25; Complaint, Relief Requested, ¶B.

Defendant (which is apparently unrelated to the $16,000 plus 4% interest for 23 years he asserts was illegally taken from him).[85]

**3.     Savage's opposition to the Defendants' motion to dismiss confirms his Complaint is about post-deprivation process.**

Savage's Opposition to the Defendants' motion to dismiss confirms his Complaint is about post-deprivation process:[86]

> First, Plaintiff is **not** complaining about a **_"simple"_** deprivation of property claim. Instead, Plaintiff complains that Defendants' unlawful interference *i.e.*, conspiring and manufacturing false evidence, during state process deprived him of his property without due process.

> Second, Plaintiff argues that Defendants' *unlawful interference* during the two-step administrative **and** judicial process made Louisiana's post-deprivation process constitutionally inadequate.

**4.     Result:  This case is about post-deprivation process.**

It is clear from Savage's repeated assertions that this lawsuit is about the adequacy of post-deprivation process.  Savage's pending state court lawsuit will provide adequate post-deprivation process.  He has the burden to prove otherwise. That lawsuit is not yet resolved, making it impossible to say at this point that the process will turn out to be constitutionally inadequate.

---

[85] Complaint, ¶45 (at ROA.19) and Relief Requested, ¶C (at ROA.25-26).

[86] ROA.188 (emphasis in original).

**B.    Savage fails to carry his burden to show Louisiana's post-deprivation procedures are constitutionally inadequate. Therefore, the Defendants are entitled to qualified immunity.**

This is case is conceptually similar to *Morris v. Livingston*.[87]  Pursuant to Texas law, the Texas prison system charged inmate Morris a $100 medical fee when he initiated a visit with a health care provider and withdrew the fee from his prison inmate account.  That fee covered all visits to a health care provider for the following year.[88]  The fee was not reimposed until the inmate's first initiated visit with a health care provider after that one-year period expired.

Inmate Morris challenged the constitutionality of the medical fee on, among other things, procedural due process grounds:[89]

> Morris argues that the notice was inadequate, and he also seems to argue that the prison provides inadequate postdeprivation process for challenging incorrect fee assessments.

This Court rejected that challenge.[90]

This Court first found that Morris had sufficient notice of the medical fee. Morris conceded Texas prison authorities posted notices about the statute in the prison before they assessed him with the medical fee and withdrew that amount from

---

[87] *Morris v. Livingston*, 739 F.3d 740 (5th Cir. 2014).

[88] An inmate was not denied medical care if he did not have the funds to pay the fee.  *Morris*, 739 F.3d at 748.

[89] *Morris*, 739 F.3d at 750.

[90] *Morris*, 739 F.3d at 749-51.

his prison inmate account. This Court also found Morris failed to show how Texas' post-deprivation remedy was inadequate. Accordingly, this Court affirmed the dismissal of Morris' procedural due process claim (along with the rest of his lawsuit).

Savage's situation satisfies the *Morris* standard. He had notice that the funds would be taken and the State's post-deprivation remedies are constitutionally adequate.

First, Savage had pre-deprivation notice that DPSC would take the money at issue. Savage himself admits that DPSC has been deducting the money from his hobby craft sales since 1996 (i.e., 24 years at the time he filed his Complaint).[91] Additionally, to the extent the money was a sales tax, Louisiana law imposes that tax. Savage received at least as much notice as did the inmate in *Morris*. That level of pre-deprivation notice was not objectively unreasonable under the then clearly established law.

Second, Louisiana's post-deprivation remedies are constitutionally sufficient for both negligent and intentional deprivations of property.[92]

> Louisiana law affords an opportunity to redress intentional
> torts under the same section of the Code by which

---

[91] ROA.13; Complaint, ¶14.

[92] *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). Subsequent Supreme Court decisions held negligence is not actionable under 42 USC § 1983. See: *Daniels v. Williams*, 474 U.S. 327, 330–31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986) and *Davidson v. Cannon*, 474 U.S. 344, 347–48, 106 S.Ct. 668, 670-71, 88 L.Ed.2d 677 (1986).

negligence is remedied. See Article 2315, Louisiana Civil Code ("Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.").

Accordingly, Savage's procedural due process claim (which involves post-deprivation process) fails.

### C. Savage fails to rebut the presumption that Louisiana's post-deprivation remedies are constitutionally inadequate.

Faced with the presumption that Louisiana's post-deprivation remedies are constitutionally adequate, Savage can prevail only if <u>he shows</u> that Louisiana's post-deprivation remedies are <u>not</u> adequate.[93]  Savage identifies several events regarding his prison grievance and his *ongoing* state court lawsuit he asserts violated his due process rights in his post-deprivation remedies.   Furthermore, the district judge implied plaintiff had some right to a restitution hearing but, no such right exists under state law.  Plaintiff failed to carry his burden to show his post-deprivation remedies were inadequate even in light of the issues he identified.

### 1. Savage cannot show his post-deprivation remedies are inadequate because his state court lawsuit is still ongoing.

Savage's post-deprivation process is still ongoing.   He filed a prison grievance, completed that process, and filed a state court lawsuit that is ongoing.

---

[93] *Marshall*, 741 F.2d at 764.

Savage does not, and cannot, show Louisiana's post-deprivation process is inadequate until that process is complete. Anything else is merely speculation.

Notably, his state court lawsuit is in an early stage. As discussed above, pursuant to law, his lawsuit was referred to the state court equivalent of a U. S. Magistrate Judge for a report and recommendation.[94] There are still numerous steps remaining before the process is final. Once Commissioner Robinson issues a Report,[95] Savage has the right to traverse it.[96] The district judge will review the Commissioner's Report along with any traversal and enter a ruling on the matter at hand.[97]

Savage has the same appellate rights as any other civil litigant. Among other things, he may take an appeal of right from a judgment of dismissal to the Louisiana Court of Appeal for the First Circuit. He can seek discretionary review at the Louisiana Supreme Court from an adverse decision at the Court of Appeal. Finally, if he has raised and preserved a federal law issue, he can seek discretionary review by the U. S. Supreme Court. Accordingly, his post-derivation process is far from over. Savage does not (and cannot) show it is inadequate while still in this early stage.

---

[94] La.R.S. 13:713(A).

[95] La.R.S. 13:713(C)(1).

[96] La.R.S. 13:713(C)(3).

[97] La.R.S. 13:713(C)(5).

## 2.     <u>Savage had no right to a restitution hearing.</u>

The district judge denied qualified immunity to the defendants, in part, because some of the defendants allegedly "collaborated during the [ARP] process to deprive him of a restitution hearing…"[98] Savage had no right to a restitution hearing.

La. R.S. 15:875, the statute relied upon by Plaintiff in his ARP, does not provide for a restitution hearing in this situation. That statute only applies when DPSC seeks restitution <u>from</u> an inmate; <u>not</u> the other way around.

> La.R.S. 15:875. Imposition of restitution on offenders; procedures[99]
>
> A. (1) Restitution may be obtained <u>by the Department</u> of Public Safety and Corrections <u>from an offender</u> who damages or destroys property, steals property that is not recovered or is damaged, causes or attempts to cause injury to himself, civilians, other offenders, or department personnel, or who has a pattern of falsely alleging injury or illness with the result that medical expenses are incurred. (emphasis added)
>
> > (2) The amount of restitution shall be the actual costs, or any portion thereof, of repairing or replacing the property or of the medical expenses incurred for treatment of the offender or the injured party and the amount of wages the injured party lost as a result of the injury caused by the offender.
>
> B. (1) Restitution may be obtained <u>by corrections services</u> from an offender for expenses incurred by the department or any other law enforcement agency in any escape or attempt to escape from the legal custody of a law

---

[98] ROA.301

[99] The remainder of Section 875 deals with the procedures to be used.

enforcement officer, the Department of Public Safety and Corrections, or from any place the offender is legally confined. (emphasis added)

> (2) The amount of restitution shall be the actual costs incurred, including but not limited to property damage, staff transportation and lodging, salaries for the duration of the chase, and costs of return of the inmate.

> (3) The provisions of this Subsection shall be applicable to all penal or correctional facilities, community rehabilitation centers, transitional work programs, hospitals, clinics, and any and all programs where offenders are legally assigned.

C. (1) Restitution may be obtained <u>by corrections services</u> from an offender for the cost of drug testing when the results of the test are positive. (emphasis added)

> (2) The amount of restitution shall be for the actual cost of the drug testing.

There is nothing in the statute regarding a claim <u>by an inmate</u> for reimbursement or return of funds <u>from DPSC</u>.

### 3.  <u>Savage does not show how his specific complaints about the process render it constitutionally inadequate.</u>

Savage alleges that a few specific actions interfered with his state post-deprivation remedies enough to render the post-deprivation process inadequate. They are: (1) the resolution of his ARP; (2) the state court Commissioner's interlocutory, non-dispositive order that the lawsuit would be handled by briefs; (3) filing an affidavit in a completely different lawsuit brought by a different plaintiff;

and (4) covering up and failing to report the alleged wrongdoing.  But he is wrong.  He fails to show how any of these incidents rendered Louisiana's post-deprivation process constitutionally inadequate.

First, Savage argues that the Defendants' "interference" with the resolution of his prison grievance "made Louisiana's post-deprivation process constitutionally inadequate".[100]  An inmate does not have a federally protected interest in having a prison grievance resolved to his satisfaction.[101]  Further, Savage does not explain how the Defendants' alleged actions regarding his grievance responses rendered post-deprivation remedies constitutionally inadequate.  His allegations regarding causation are conclusory at best.  He does carry his burden to show Louisiana's remedies are inadequate.

Second, complains that Commissioner Robinson issued an interlocutory, non-dispositive order that the matter would be decided on briefs and that set a briefing schedule.[102]  Again, Savage fails to show causation.  He doesn't show how this non-dispositive Briefing Order from a Commissioner rendered Louisiana's post-deprivation remedies constitutionally inadequate.  This is especially true when his suit is still referred to the state court equivalent of a U. S. Magistrate Judge.  Savage

---

[100] ROA.188; Opposition to Defendants' Motion to Dismiss.

[101] *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).

[102] ROA.43; Commissioner Robinson's "Briefing Order", attached as an exhibit to Savage's Complaint.

fails to carry his burden to show the Briefing Order rendered Louisiana's post-deprivation remedies inadequate.[103]

Third, Savage complains that Defendants Hood and Morris drafted an allegedly false affidavit and Hood filed it in a completely separate proceeding. Savage included a copy of the affidavit as an exhibit to his Complaint.[104]  That affidavit has the caption of a completely different lawsuit:  *Nathaniel Anderson, #130547 v. La. State Dept. of Public Safety & Corrections, et al.*, 19th JDC No. 649,117, Section 23.  Savage again fails to show causation.  He fails to show how filing a document in a completely different lawsuit rendered the post-deprivation procedure inadequate regarding *Savage's* deprivation claim.

Fourth, Savage complains that Rosso, Assistant Warden Coody, the Lamartinieres (plural), and Deputy Warden Delaney failed to report Warden Vannoy's allegedly illegal conduct regarding the funds.  He also alleges that the same Defendants concealed Warden Vannoy's allegedly illegal conduct.  Yet again,

---

[103] Further, federal court is not the correct forum to challenge whether Commissioner Robinson's decision was correct under Louisiana law.  As this Court reaffirmed two days ago in *Turner v. GoAuto Ins. Co.*, --- F.4th ---, ---, 2022 WL 1302482, p. 2 (5th Cir. 05/02/2022), "A basic precept of our federal system is that federal courts do not exercise authority over the proceedings of a sovereign state's judiciary as it relates to that state's laws." citing, among other cases, *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 387, 1 L.Ed. 648 (1798) (Chase, J.) ("The establishing courts of justice, the appointment of Judges, and the making regulations for the administration of justice, within each State, according to its laws ... [are] the peculiar and exclusive province, and duty of the State[.]").

[104] ROA.45.

Savage's claim fails on causation.  He does not show <u>how</u> these actions in any way rendered Louisiana's post-deprivation remedies constitutionally inadequate, particularly when his state lawsuit is still ongoing.  Certainly, he fails to carry his burden to show it rendered the post-deprivation process inadequate.

### D.    Result:  the Defendants are entitled to qualified immunity.

This Court has long held that Louisiana's post-deprivation process for loss of property is constitutionally adequate.  Savage had the burden to prove otherwise and he failed to carry his burden.  None of the alleged actions of the Defendants were objectively unreasonable in light of the law as clearly established at the time.  Accordingly, they are entitled to qualified immunity.  The district court erred when it held to the contrary.

### IV.    The Defendants are entitled to qualified immunity on Savage's separate § 1983 "conspiracy" claims because no such claim exists.

The district court committed reversible error when it denied qualified immunity to eight Defendants on a freestanding conspiracy claim.  That is, the district court erroneously held that an actionable §1983 conspiracy claim could exist in the absence of any underlying constitutional violation.  However, the law is clearly to the contrary.  The district court erred when it denied the Defendants' assertion of qualified immunity from allegations that do not state a claim for relief under §1983 in the first place, much less a claim for a violation of a clearly established right.

### A.    "No deprivation, no §1983 conspiracy" is the law of this Circuit.

"Conspiracy" is not separately actionable under 42 USC §1983.  Rather, "[a] conspiracy may be charged under section 1983 as the legal mechanism through which to impose liability on all of the Defendants without regard to who committed the particular act, but a conspiracy claim is not actionable without an actual violation of section 1983."[105]  This Court succinctly held, "No deprivation, no §1983 conspiracy".[106]

### B.    Savage's claims about the responses to his prison grievance (Counts 1, 2, and 8).

The district court dismissed Savage's claims about the responses to his prison grievance (to the extent they were "standalone" claims)[107] because Savage does not have a federally protected interest in having a prison grievance resolved to his satisfaction.  However, it denied the Defendants' motion as to separate, freestanding conspiracy claim.  As shown above, there is no such thing as a separate conspiracy claim.  If, as the district court found, Savage was not deprived of a constitutional right regarding his prison grievance responses, then the district court should have held there was no §1983 conspiracy.  Instead, the district court held there was some

---

[105] *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995) (internal quotation marks omitted).  See also *Bevill*, 26 F.4th at 283.

[106] *Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019).

[107] ROA.301.

sort of freestanding or standalone conspiracy (collaboration) claim, even in the absence of a property deprivation.[108] That is clear legal error.

In the absence of an actual deprivation of a protected property interest, Savage's §1983 conspiracy claims in those Counts fail as a matter of law. The Defendants named in those Counts (Secretary LeBlanc, Warden Vannoy, Hood, Rosso, Deputy Warden Joseph Lamartiniere, and Assistant Warden Coody) are entitled to qualified immunity from any purported standalone §1983 conspiracy claims. No such claim exists in the first place.[109]

## C.     The remaining claims.

As discussed in the previous Section, all of the Defendants are entitled to qualified immunity from Savage's remaining claims[110] because he did not show any Defendant deprived him of a clearly established constitutional right. As qualified immunity bars Savage's underlying due process claims, "there [is] no need to reach the issue of whether a conspiracy existed to engage in those actions."[111] The Defendants named in those Counts (Secretary LeBlanc, Hood, Morris, Rosso, Assistant Warden Coody, Deputy Warden Joseph Lamartiniere, and Deputy Warden

---

[108] ROA.301-302

[109] *Geiger*, 404 F.3d at 373-74.

[110] These involve the Commissioner's Briefing Order (Counts 3, 4, and 5), filing an allegedly "false" affidavit in a completely separate lawsuit (Counts 6 and 7), and failing to report and covering up the alleged wrongdoing (Counts 9 and 10).

[111] *Bevill*, 26 F.4th at 275.

Delaney) are entitled to qualified immunity from any purported standalone §1983 conspiracy claims.  Again, no such claim exists in the first place.

**D.    Result:  the Defendants are entitled to qualified immunity from Savage's freestanding §1983 conspiracy claims.**

For the reasons discussed above, the Defendants are entitled to qualified immunity from Savage's freestanding conspiracy claims.  As a matter of law, no such claims exist.  Accordingly, Savage did not assert a claim of a clearly established constitutional right.

The district court legally erred when denied the Defendant's assertion of qualified immunity.  This Court should reverse the district court, find the Defendants are entitled to qualified immunity on the freestanding conspiracy claims, and enter judgment dismissing those claims with prejudice.

**V.    The district court erred when it did not conduct the defendant-by-defendant analysis required by this Court's qualified immunity jurisprudence.**

In a §1983 action "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution".[112]  In their Motion to Dismiss, the eight Defendants asserted they are entitled to qualified immunity for the additional reason that Savage did not make sufficient allegations as to the specific personal conduct of each Defendant.[113]

---

[112] *Ashcroft*, 556 U.S. at 676, 129 S.Ct. at 1948.

[113] ROA.164.

Additionally, with regard to Savage's conspiracy allegations, he must allege the existence of "an agreement to do an illegal act".[114]  He must allege facts that establish the existence of the conspiracy.[115]  It is not enough to assert legal conclusions without well-pleaded facts supporting those conclusions.  "Naked allegations or legal conclusions masquerading as something more will not thwart dismissal."[116]

The district court did not analyze Savage's allegations with attention to the specific personal conduct of each Defendant.  Having misapplied the clear precedents on this legal issue the district court unsurprisingly reached the wrong result.  This Court should reverse the district court, find each Corrections Official is entitled to qualified immunity, and dismiss Savage's claims against them.

**A.    The district court must conduct a defendant-by-defendant analysis for qualified immunity purposes.**

This Court "recognize[s] the settled rule that, in assessing qualified immunity, a court must consider the conduct of each officer independently, not collectively".[117]  A court must "examine[] the actions of defendants individually in the qualified

---

[114] *Bevill*, 26 F.4th at 274-75.

[115] *Shaw*, 918 F.3d at 419.

[116] *Id.*

[117] *Dyer v. Houston*, 964 F.3d 374, 383 fn. 6 (5th Cir. 2020) (internal quotation marks omitted).

immunity context".[118]  A defendant-by-defendant analysis is necessary.[119]  This rule

"does not contemplate an exception for defendants acting in unison".[120]

A plaintiff seeking to overcome qualified immunity must plead specific facts

that both allow the court to draw the reasonable inference that the defendant is liable

for the harm he has alleged and that defeat a qualified immunity defense with equal

specificity."[121]

In order to protect the benefits of qualified immunity (including immunity

from the burdens of litigation), once a defendant asserts a qualified immunity

defense in a motion to dismiss:[122]

> the court has an "obligation ... to carefully scrutinize [the
> complaint] before subjecting public officials to the
> burdens of broad-reaching discovery."

The district court did not meet that obligation.

## B.    The district court did not conduct the required defendant-by-defendant analysis.

The Magistrate Judge's qualified immunity analysis is sorely lacking:[123]

---

[118] *Meadours v. Ermel*, 483 F.3d 417, 422 (5th Cir. 2007).

[119] *Taylor v. Riojas*, --- U.S. ---, 141 S.Ct. 52, 54, 208 L.Ed.2d 164 (2020).  See also *Joseph on behalf of Estate of Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2020) ("qualified immunity requires" a separate analysis for each defendant).

[120] *Meadours*, 483 F.3d at 422.

[121] *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014).

[122] *Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263-642 (5th Cir. 2019).

[123] ROA.276; "Magistrate Judge's Report and Recommendation".

39

> Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be denied in part. The plaintiff's allegations, accepted as true, state a claim for conspiracy and violation of his right to procedural due process.

This 2-sentence conclusion merely refers back to the Magistrate Judge's recitation of Savage's allegations (at ROA.273-275). There is no analysis of how and why any particular action by any particular Corrections Official violated Savage's clearly established rights. Rather, the Magistrate Judge simply jumped to a conclusion.

The Defendants objected to the Magistrate Judge's Report and Recommendation.[124] They specifically objected to the Magistrate Judge's failure to conduct the mandated defendant-by-defendant analysis.[125]

The district court rejected those objections and instead approved the Magistrate Judge's Report and Recommendation and adopted it as the district court's opinion.[126] It in overruling the objections, the district court echoed the Magistrate Judge without additional analysis:[127]

> To the contrary, the Magistrate Judge's report contains a clear recitation of the facts and an analysis of each Defendants" *(sic)* potential role in the alleged conspiracy. *See* (Doc. 39, p. 4-5).[128]

---

[124] ROA.285.

[125] ROA.286-288; Objections No. 1 and No. 2.

[126] ROA.302.

[127] ROA.301.

[128] The district court's citation is to ROA.274-275.

Contrary to the district court's statement, the cited language does not contain "an analysis" of each Defendant's "potential role in the alleged conspiracy". More importantly for qualified immunity purposes, it does not contain any legal analysis of the actions <u>each</u> Defendant allegedly individually took that violated Savage's clearly established constitutional rights.

### C.    <u>Result.</u>

The district court erred when it denied the eight Defendants' qualified immunity-based motion to dismiss without conducting the defendant-by-defendant analysis this Court's jurisprudence mandates. The district court did not find that any specific alleged act by any specific Defendant violated Savage's clearly established property rights. Accordingly, the district court did not find that Savage met his burden to defeat the Defendants' assertion of qualified immunity. Therefore, the district court erred when it denied their qualified immunity-based Motion to Dismiss.

This Court should reverse the district court, find each of the eight Defendants are entitled to qualified immunity, and dismiss Savage's claims against them.

### <u>CONCLUSION AND RELIEF REQUESTED</u>

For the reasons stated above, the Defendants are entitled to qualified immunity. The district court erred to the extent it denied the Defendants' qualified immunity-based motion to dismiss. This Court should reverse the district court,

grant the Defendants' qualified immunity-based motion to dismiss, and dismiss Savage's claims against them.

Respectfully Submitted,

JEFF LANDRY
ATTORNEY GENERAL
STATE OF LOUISIANA

*/s/André Charles Castaing*
André Charles Castaing (LSBA #17509)
Assistant Attorney General
Lead Counsel on Appeal

Phyllis E. Glazer (LSBA #29878)
Assistant Attorney General
Trial Counsel

LOUISIANA DEPT. OF JUSTICE
Litigation Division, Appeals Section
1885 North Third Street
P. O. Box 94005 (70804-9005)
Baton Rouge, LA 70802
Telephone:  225-326-6300
Facsimile:   225-326-6495
E-mail:    CastaingA@ag.louisiana.gov
               GlazerP@ag.louisiana.gov

*Attorneys for the Defendants-Appellants:*
*James M. LeBlanc, Darrel Vannoy, Joseph*
*Lamartiniere, Tim Delaney, Shirley*
*Coody, Saundra Rosso, Heather Hood,*
*and Lucius L. Morris, II*

## CERTIFICATE OF SERVICE

I hereby certify that on <u>May 04, 2022</u>, I electronically filed the foregoing with the Clerk of Court for the U.S. Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.  All parties are represented by counsel.  All counsel of record are registered CM/ECF users and will be served by the appellate CM/ECF.

<u>/s/André Charles Castaing</u>
ANDRÉ CHARLES CASTAING

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.  This document complies with the type-volume limit of FRAP 32(a)(7)(B) because, excluding the parts of the document exempted by FRAP 32(f), this document contains <u>8,811</u> words.

2.  This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6) because this document has been prepared in a proportionally spaced typeface using *Microsoft Word 2016* in *14 pt. Times New Roman font (12 pt. Times New Roman font for footnotes)*.

<u>/s/André Charles Castaing</u>          <u>May 04, 2022</u>
ANDRÉ CHARLES CASTAING          Date