No. 22-30125

In the United States Court of Appeals for the Fifth Circuit

GREGORY SAVAGE,

*Plaintiff - Appellee*

v.

JAMES M. LEBLANC, Secretary, Department of Public Safety and Corrections; DARREL VANNOY, Warden, Louisiana State Penitentiary, in his individual capacity; JOSEPH LAMARTINIERE, Deputy Warden, in his individual capacity; TIM DELANEY, Deputy Warden, in his individual capacity; SHIRLEY COODY, Assistant Warden, in her individual capacity; SAUNDRA ROSSO, Inmate Banking, in her individual capacity; HEATHER HOOD, Attorney for Secretary, in her individual capacity; LUCIUS L. MORRIS, II, Louisiana Department of Revenue, in his individual capacity,

*Defendants – Appellants*

On Civil Appeal from the U. S. District Court, Middle District of Louisiana
Civil Action No. 3:20-cv-00811
District Judge Brian A. Jackson, Presiding

REPLY BRIEF ON BEHALF OF THE DEFENDANTS-APPELLANTS
James M. LeBlanc, Darrel Vannoy, Joseph Lamartiniere, Tim Delaney, Shirley Coody, Saundra Rosso, Heather Hood, and Lucius L. Morris, II

Respectfully Submitted,

JEFF LANDRY
ATTORNEY GENERAL
STATE OF LOUISIANA

LOUISIANA DEPT. OF JUSTICE
Litigation Division, Appeals Section
1885 North Third Street
P. O. Box 94005 (70804-9005)
Baton Rouge, LA 70802
Telephone:  225-326-6300
Facsimile:   225-326-6495

/s/André Charles Castaing
André Charles Castaing (La. Bar #17509)
Assistant Attorney General
Lead Counsel on Appeal
CastaingA@ag.louisiana.gov

Phyllis E. Glazer (La. Bar #29878)
Assistant Attorney General
Trial Counsel
GlazerP@ag.louisiana.gov

Attorneys for the Defendants-Appellants

No. 22-30125

In the United States Court of Appeals for the Fifth Circuit

GREGORY SAVAGE,

*Plaintiff - Appellee*

v.

JAMES M. LEBLANC, Secretary, Department of Public Safety and Corrections; DARREL VANNOY, Warden, Louisiana State Penitentiary, in his individual capacity; JOSEPH LAMARTINIERE, Deputy Warden, in his individual capacity; TIM DELANEY, Deputy Warden, in his individual capacity; SHIRLEY COODY, Assistant Warden, in her individual capacity; SAUNDRA ROSSO, Inmate Banking, in her individual capacity; HEATHER HOOD, Attorney for Secretary, in her individual capacity; LUCIUS L. MORRIS, II, Louisiana Department of Revenue, in his individual capacity,

*Defendants - Appellants*

## **SUPPLEMENTAL CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Cir. Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

<u>PLAINTIFF</u>

1. Gregory Savage

<u>ADDITIONAL    COUNSEL    FOR
PLAINTIFF</u>

22. Stephany Reaves, Esq.
23. Jordan Segal, Esq.
    MUNGER, TOLES & OLSON LLP


*/s/André Charles Castaing*
ANDRÉ CHARLES CASTAING

# **TABLE OF CONTENTS**

SUPPLEMENTAL CERTIFICATE OF INTERESTED PERSONS...................... ii

TABLE OF CONTENTS.........................................................................iv

TABLE OF AUTHORITIES .................................................................vi

SUMMARY OF REPLY ARGUMENT .................................................1

REPLY ARGUMENT .........................................................................2

I.  Savage has the burden to overcome both prongs of the qualified immunity defense.........................................................................3

   A.  The elements of qualified immunity. ....................................3

   B.  Savage has the burden to overcome the assertion of qualified immunity. ...........................................................................3

   C.  Supreme Court precedent establishes a rigorous and exacting standard for determining when the law is clearly established for qualified immunity purposes. ...........................................4

II.  Savage's lawsuit is only about post-deprivation events and post-deprivation process. .........................................................................5

III.  Savage's complaints about the adequacy of the ongoing post-deprivation process fail because that process is ongoing and Savage has an obligation to utilize the state court process to challenge the alleged constitutional deficiencies.................................................7

   A.  Savage cannot complain about alleged procedural defects in the state court proceeding that he doesn't attempt to resolve there. ...................................................................................8

   B.  Result:  this Court should dismiss the claims against the Appellants rather than merely reverse and remand..............12

IV.  Savage does not identify any then-clearly established law showing the alleged defects render the post-deprivation proceedings constitutionally inadequate. ...........................................................13

iv

V.     Savage does not show that the district court actually performed the
       defendant-by-defendant qualified immunity analysis this Court
       requires ..................................................................................................... 15

       A.     The district court's cursory denial of qualified immunity
              clearly failed to conduct the mandatory qualified immunity
              analysis. ............................................................................................... 15

       B.     Savage does not show where or how the district court
              specifically addressed why it rejected each Appellant's
              assertion of qualified immunity ............................................................ 17

       C.     Savage's assertions of a conspiracy do not remove his burden
              to overcome Appellants' assertion of qualified immunity ................. 18

       D.     Savage's argument on the defendant-by-defendant analysis
              issue almost totally fails to even mention the individual
              Appellants ............................................................................................. 20

CONCLUSION AND RELIEF REQUESTED ....................................................... 21

CERTIFICATE OF SERVICE ............................................................................... 23

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,
       TYPEFACE       REQUIREMENTS,       AND       TYPE-STYLE
       REQUIREMENTS ........................................................................................ 23

# TABLE OF AUTHORITIES

## Constitution

La. Const. art. V, §5(A) ...............................................................10

La. Const. art. V, §10(A) .............................................................10

## Statutes

42 USC §1983 .......................................................................8, 19

La.R.S. 13:312(1)(a) ...................................................................10

La.R.S. 15:1177(A)(8) .................................................................10

## Rules

Fifth Cir. Rule 28.2.1 .................................................................. ii

FRAP 32 ..................................................................................23

## Cases

*Allen v. La. Dept. of Public Safety and Corrections,* 2020-0443
    (La.App. 1 Cir. 02/24/21), 322 So.3d 258 .........................................10

*Amador v. Vasquez,* 961 F.3d 721 (5th Cir. 2020), cert. denied,
    --- U.S. ---, 141 S.Ct. 1513 (2021)................................................3

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ...................................................19

*Bargher v. White,* 928 F.3d 439 (5th Cir. 2019)........................................9

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)..............................19

*Betts v. Brennan,* 22 F.4th 577 (5th Cir. 2022).........................................3

*Bevill v. Fletcher,* 26 F.4th 270 (5th Cir. 2022) ................................................ 18, 19

*Carswell v. Camp,* 37 F.4th 1062 (5th Cir. 2022) ...................................................15

*Chiles v. Morgan,* 53 F.3d 1281, 1995 WL 295931 (5th Cir. 1995)...................8, 11

*City of Tahlequah v. Bond,* 142 S.Ct. 9 (2021)........................................................4

*Cunningham v. Castloo,* 983 F.3d 185 (5th Cir. 2020) ........................................4, 13

*Dyer v. Houston,* 964 F.3d 374 (5th Cir. 2020)................................................ 15, 19

Greene v. Greenwood Public School District, 890 F.3d 240 (5th Cir.
    2018) ......................................................................................................................8

*Joseph on behalf of Estate of Joseph v. Bartlett,* 981 F.3d 319
    (5th Cir. 2020)......................................................................................................4

*Marshall v. Norwood,* 741 F.2d 761 (5th Cir. 1984)................................................7

*Myrick v. City of Dallas,* 810 F.2d 1382 (5th Cir. 1987)....................................8, 11

*Rivas-Villegas v. Cortesluna,* 142 S.Ct. 4 (2001).......................................................5

*Salazar v. Molina,* 37 F.4th 278 (5th Cir. 2022)....................................................4, 5

*Shaw v. Villanueva,* 918 F.3d 414 (5th Cir. 2019)........................................... 19, 20

*Spikes v. McVea,* 12 F.4th 833 (5th Cir. 2021) (on panel rehearing),
    further reh'g denied, No. 19-30019, 2021 WL 4978586
    (5th Cir. Oct. 13, 2021).....................................................................................15

*Taylor v. Riojas,* --- U.S. ---, ---, 141 S.Ct. 52 (2020)............................................15

*Terwilliger v. Reyna,* 4 F.4th 270 (5th Cir. 2021) ......................................... 3, 4, 20

*Villanueva v. McInnis,* 723 F.2d 414 (5th Cir. 1984)..............................................19

*Zapata v. Melson,* 750 F.3d 481 (5th Cir. 2014) ....................................................15

## <u>SUMMARY OF REPLY ARGUMENT</u>

Savage did not carry his burden to overcome the Appellants' assertion of qualified immunity. In order to succeed, he must prevail on both prongs. However, he did not prevail on either of them.

Also, at the outset, it is important to remember that Savage's lawsuit is only about <u>post</u>-deprivation events. His brief discusses pre-deprivation claims and argues that the Appellants are not entitled to qualified immunity on claims about <u>pre</u>-deprivation. However, Savage's lawsuit only makes claims about <u>post</u>-deprivation process.

First, Savage failed to rebut the presumption that Louisiana's post-deprivation remedies are constitutionally adequate. Primarily, this is because those state court proceedings are ongoing. He cannot dispute the adequacy of post-deprivation remedies if he fails to utilize them. Here, Savage has numerous avenues in the state court process to challenge the alleged constitutional deficiencies. He can't ignore those alleged deficiencies in that state court proceeding and then complain in federal court that the alleged deficiencies rendered the state court process constitutionally inadequate. No amendment to his Complaint can cure this defect. Accordingly, this Court should not only reverse the district court, it should also dismiss the claims against the Appellants.

Second, he fails to demonstrate that any of the Appellants' conduct was objectively unreasonable in light of the then-clearly established precedent. He fails to identify any clearly established law at all. Unsurprisingly, he cannot demonstrate that any particular Appellant's personal conduct violated unidentified clearly established law. No amendment to his Complaint can cure this legal deficiency. Therefore, this Court should dismiss the claims against the Appellants.

Finally, Savage fails to rebut the Appellants' argument that the district court failed to conduct the specific defendant-by-defendant analysis mandated by this Court's qualified immunity precedents. It is clear that the district court did not comply with its duty to specifically address why it rejected each Appellant's assertion of qualified immunity. Savage fails to identify anywhere in the record that the district court actually conducted the required analysis.

## REPLY ARGUMENT

The district court erroneously denied qualified immunity to all eight Appellants: James M. LeBlanc, Darrel Vannoy, Joseph Lamartiniere, Tim Delaney, Shirley Coody, Saundra Rosso, Heather Hood, and Lucius L. Morris, II. Neither Savage's Complaint nor his brief defeats the Appellants' assertion of qualified immunity. This Court should reverse the district court, grant the Appellants' motion to dismiss, and render judgment dismissing Savage's claims against each of them with prejudice.

I.    **Savage has the burden to overcome both prongs of the qualified immunity defense.**

Savage does not overcome the Appellants' assertion of qualified immunity. A brief recap of the basic principles and burdens will help analyze why the arguments in his brief are unsuccessful.

A.    **The elements of qualified immunity.**

A public official is entitled to qualified immunity unless the plaintiff demonstrates that: (1) the defendant violated the plaintiff's constitutional rights; and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation.[1] "Objective reasonableness is a question of law, which this Court we reviews *de novo*."[2]

B.    **Savage has the burden to overcome the assertion of qualified immunity.**

After the Appellants invoked qualified immunity in their motion to dismiss, "the burden shifts to the plaintiff to plead specific facts to overcome the defense".[3] To discharge this burden, Savage must successfully allege that each Appellant "violated a statutory or constitutional right, and that the right was clearly established

---

[1] *Betts v. Brennan*, 22 F.4th 577, 582 (5th Cir. 2022).

[2] *Amador v. Vasquez*, 961 F.3d 721, 727 (5th Cir. 2020), cert. denied, --- U.S. ---, 141 S.Ct. 1513 (2021).

[3] *Terwilliger v. Reyna*, 4 F.4th 270, 284 (5th Cir. 2021).

3

at the time of the challenged conduct."[4] In order to defeat an assertion of qualified immunity, the plaintiff must prevail on ***both*** prongs of the qualified immunity analysis.[5]

### C.     Supreme Court precedent establishes a rigorous and exacting standard for determining when the law is clearly established for qualified immunity purposes.

To ascertain the "clearly established law", the plaintiff must "identify a case - usually, a body of relevant case law - in which an officer acting under similar circumstances was held to have violated the Constitution".[6]  After the Appellants filed their original brief, this Court in *Salazar v. Molina*,[7] citing and quoting a pair of recent Supreme Court cases, reemphasized the Supreme Court's ongoing and firm insistence that the "clearly established" inquiry is context and fact specific.

*Salazar* first cited *City of Tahlequah v. Bond*:[8]

> We have repeatedly told courts not to define clearly established law at too high a level of generality.  It is not enough that a rule be suggested by then-existing precedent; the rule's contours must be so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted.

---

[4] *Terwilliger,* 4 F.4th at 284 (internal quotation marks and ellipsis omitted).

[5] *Cunningham v. Castloo*, 983 F.3d 185, 191 (5th Cir. 2020).

[6] *Joseph on behalf of Estate of Joseph v. Bartlett*, 981 F.3d 319, 329 (5th Cir. 2020) (cleaned up and footnotes omitted).

[7] *Salazar v. Molina*, 37 F.4th 278 (5th Cir. 2022).

[8] *Salazar*, 37 F.4th at 285, citing *City of Tahlequah v. Bond*, 142 S.Ct. 9, 11 (2021).

Salazar next cited *Rivas-Villegas v. Cortesluna*:[9]

> A right is clearly established when it is sufficiently clear
> that every reasonable official would have understood that
> what he is doing violates that right.  Although this Court's
> case law does not require a case directly on point for a right
> to be clearly established, existing precedent must have
> placed the statutory or constitutional question beyond
> debate. This inquiry must be undertaken in light of the
> specific context of the case, not as a broad general
> proposition.

As discussed below, Savage fails to identify any clearly established law allegedly violated by any Appellant.

## II.     Savage's lawsuit is only about post-deprivation events and post-deprivation process.

In light of Savage's brief, the Appellants want to clarify the actual subject of Savage's lawsuit. As the Appellants argued in their original brief, Savage's lawsuit does not challenge the actual seizure of his property; it only involves post-deprivation events and proceedings.[10]  His prayer for relief involves post-deprivation events.[11]  He does NOT seek compensatory damages based on the actual taking of his funds.  In fact, he does not seek any compensatory damages at all.[12]  Rather, the

---

[9] *Salazar*, 37 F.4th at 285, citing *Rivas-Villegas v. Cortesluna*, 142 S.Ct. 4, 7-8 (2001).

[10] Appellants' Original Brief, at 22-25.

[11] Complaint, "Relief Requested", ROA.24-25.

[12] Complaint, "Relief Requested", ROA.24-26.

only damages he seeks are punitive damages.[13]  His opposition to the Appellants'

Motion to Dismiss is also clear on the point:[14]

> Second, Plaintiff argues that Defendants' *unlawful interference* during the two-step administrative **and** judicial process made Louisiana's post-deprivation process constitutionally inadequate.

However, in his original brief, Savage includes arguments about pre-

deprivation claims.  For instance, he argues:[15]

> The Prison Officials[[16]] violated Mr. Savage's right to procedural due process because they took approximately twenty percent of his earnings without notice or an opportunity to be heard *in advance* pursuant to an established state procedure.  (emphasis added).

Similarly, he argues:[17]

> While the Prison Officials ask this Court to assess only post-deprivation due process, *see*, *e.g.*, Opening Brief at 22, ***they should be denied qualified immunity for their violation of pre-deprivation due process***.  (emphasis added).

---

[13] Complaint, "Relief Requested, ROA.24-26.

[14] Appellants' Original Brief, at 25, citing "Plaintiff's Opposition to Defendants' Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted", ROA.188 (emphasis in Savage's opposition).

[15] Savage's Original Brief, at 18.

[16] This is an example of Savage's continued use of the term "Prison Officials" collectively, rather than (as required by well-established qualified immunity law) analyzing the actions of each Appellant on a defendant-by-defendant basis.  The Appellants discuss this issue in Section V of their argument, *infra*.

[17] Savage's Original Brief, at 28.

Nevertheless, as the Appellants explained, there aren't any claims in Savage's lawsuit about <u>pre</u>-deprivation events. Therefore, any discussion about qualified immunity for <u>pre</u>-deprivation events is irrelevant.

### III. **Savage's complaints about the adequacy of the ongoing post-deprivation process fail because that process is ongoing and Savage has an obligation to utilize the state court process to challenge the alleged constitutional deficiencies.**

The Appellants argued in their original brief that Savage failed to show the post-deprivations remedies actually are constitutionally deficient.[18] They explained that Louisiana's post-deprivation procedures are presumed to be constitutionally adequate,[19] and that Savage can prevail only if he rebuts that presumption. He doesn't. This is primarily because the state post-deprivation process is ongoing and Savage has an obligation to fully utilize that process to completion. That obligation includes utilizing all available avenues within the state court proceeding to challenge any alleged constitutional deficiencies.

---

[18] Appellants' Original Brief, at 26-34.

[19] Appellants' Original Brief, at 27-28, citing *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984) and related cases.

### A.     <u>Savage cannot complain about alleged procedural defects in the state court proceeding that he doesn't attempt to resolve there.</u>

A plaintiff "cannot dispute the adequacy of post-deprivation remedies if he fails to utilize them".[20]  He cannot "skip an available state remedy" and then challenge the adequacy of the skipped remedy.[21]  A plaintiff has not fully utilized those procedures if the process is ongoing (as is the case with Savage's state court lawsuit).

Savage's arguments are not to the contrary.  While he points out alleged constitutional deficiencies, he has the ability to address them within the state court proceeding.  He cannot merely file a lawsuit in state court,  sit back, and do nothing in the state court proceedings, then file a separate, collateral §1983 lawsuit challenging the constitutionality of the ongoing state court proceedings.  He has to actually ***utilize*** the state court process.

The Appellants point out some of the possible avenues available to any similar state court litigant.  They may or may not be successful.  But Savage can't legitimately utilize the state court process if he doesn't at least try.

---

[20] *Chiles v. Morgan*, 53 F.3d 1281, 1995 WL 295931, at *2 (5th Cir. 1995).  As an unpublished opinion issued before January 1, 1996, *Chiles* is precedential.  5TH CIR. R. 47.5.3.  See *Greene v. Greenwood Public School District*, 890 F.3d 240, 243 and fn. 5 (5th Cir. 2018).

[21] *Myrick v. City of Dallas*, 810 F.2d 1382, 1388 (5th Cir. 1987).

### 1. **Savage has the ability in the pending state court proceeding to challenge the rejection of his ARP and resulting lack of an administrative record.**

Savage complains, for example, that the failure to include certain receipts, tax returns, and financial statements in the administrative record of his ARP[22] impaired his ability to obtain judicial review of his prison grievance.[23] Savage asserts in his brief that he was unable to create a record because his grievance was ***denied*** (that is, it was processed and he was not given any relief).[24]

That is not what the record shows. Rather, Savage's Complaint shows his grievance request was ***rejected*** because it did not fall within the scope of the prison grievance system.[25] If his complaint was not properly the subject of a prison grievance, then disputes about the contents of the administrative record are irrelevant.

Ostensibly, Savage argues that his grievance request was improperly rejected in order to deny him the opportunity to go through the grievance process, which would include compiling an administrative record. However, if his grievance was

---

[22] ARP stands for Administrative Remedy Procedure, which is the name of Louisiana's prison grievance process. A DPSC prisoner's grievance is commonly referred to as an ARP. See *Bargher v. White*, 928 F.3d 439, 442 (5th Cir. 2019).

[23] Savage's Original Brief, at 22-23.

[24] Savage's Original Brief, at 22-23.

[25] Savage's Complaint at ROA.10 ("First step respondent **rejected** Plaintiff's ARP . . ." (emphasis in original)). Savage attached a copy of the rejection form for that ARP (ARP No. LSP-2019-2920) to his Complaint at ROA.30.

improperly rejected, the state court on judicial review can reverse that determination and remand the matter to DPSC with instructions to process the grievance.[26]

He has avenues to challenge that interlocutory order at this point (rather than wait until any adverse final judgment). Has Savage even asked the state district court to remand the matter under La.R.S. 15:1177(A)(8)? If the Commissioner won't recommend remand, Savage can seek review by the district judge. If unsuccessful there, he can seek supervisory writs at the Louisiana Court of Appeals for the First Circuit[27] and the Louisiana Supreme Court.[28]

If the ultimate Commissioner's Report on his petition doesn't recommend a remand, Savage can challenge the recommendation by filing an objection/traversal to that Report. If that is unsuccessful and the district court enters an adverse judgment, he may include the issue in an appeal to the Louisiana First Circuit from

---

[26] La.R.S. 15:1177(A)(8) ("The court may affirm the decision of the agency or remand the case for further proceedings, or order that additional evidence be taken."). See *Allen v. La. Dept. of Public Safety and Corrections*, 2020-0443 (La.App. 1 Cir. 02-24-21), 322 So.3d 258 (finding DPSC incorrectly rejected the inmate's grievance request and remanding it to DPSC to process according to the grievance system rules).

[27] Louisiana's intermediate appellate courts are divided into five geographic circuits. The 19th Judicial District, located in East Baton Rouge Parish, is in the First Circuit. La.R.S. 13:312(1)(a). A Louisiana Court of Appeal "has supervisory jurisdiction over cases which arise within its circuit". La. Const. art. V, §10(A). Louisiana appellate procedure includes a very active and frequently used practice of applying to the Court of Appeals for "supervisory writs", seeking immediate review of a district court's interlocutory rulings. It is far more expansive than the types of interlocutory review available in federal court. Filing a state court writ application is far from a vain and useless act.

[28] Louisiana's supervisory writ practice includes the Louisiana Supreme Court, which has "supervisory jurisdiction over all other courts". La. Const. art. V, §5(A).

the district court's judgment. He may also seek discretionary review by the Louisiana Supreme Court.

Ultimately, there's one thing he ***can't*** do. Under *Chiles* and *Myrick*, he cannot skip the opportunity to address and remedy the allegedly deficient administrative record within the pending state court proceeding and later challenge the adequacy of the process based on an allegedly-deficient administrative record.

### 2.    Savage has the ability in the pending state court proceeding to challenge the allegedly improper briefing order.

Similarly, Savage complains about the Commissioner's Order setting the matter for decision on written briefs.[29] But has he challenged it? As described above, he has avenues to challenge that interlocutory order both at this point and after a final judgment. However, he can't skip his opportunities to challenge the briefing order and then later complain the briefing order rendered the state court process constitutionally inadequate.

---

[29] Savage's Original Brief, at ROA.9 and Complaint, paragraph 20 (at ROA.14) and paragraph 36 (at ROA.17). In his brief, Savage inaccurately calls the unremarkable briefing order as an "order[] denying him a hearing". Savage's Original Brief, at 9. Savage does not identify and clearly established law that requires an in-person hearing in a state court proceeding such as the one at issue.

11

### 3. Savage has the ability in the pending state court proceeding to challenge use of the Morris affidavit filed in a totally different lawsuit.

Savage doesn't explain how Morris's affidavit, filed in a completely different lawsuit filed by a different person, could have any impact on *his* ongoing state court lawsuit. But if somehow the state district court actually uses that affidavit in Savage's lawsuit, Savage has ample remedies in that state court process by which to address any error. As with the other alleged constitutional deficiencies, what he can't do is ignore affidavit-related issues in the state court proceeding and then complain in federal court that they rendered the state court process constitutionally inadequate.

### B. Result: this Court should dismiss the claims against the Appellants rather than merely reverse and remand.

The district court erred and the Appellants are entitled to qualified immunity. The primary reason they are entitled to qualified immunity is that the state court proceedings are ongoing and Savage has not yet utilized them to conclusion. Until the state court proceedings are concluded, Savage cannot challenge the adequacy of those proceedings and, therefore, he cannot carry his burden to show the Appellant's violated his constitutional rights.

No amendment to his complaint can fix this problem with his lawsuit. Accordingly, upon reversing the district court, this Court should dismiss all claims against the Appellants.

**IV.  Savage does not identify any then-clearly established law showing the alleged defects render the post-deprivation proceedings constitutionally inadequate.**

Appellants argued in their brief (and above) how none of the alleged defects in the post-deprivation proceedings rendered them constitutionally inadequate,[30] particularly because those state court proceedings remain ongoing.  Savage's claims also fail the second prong of the qualified immunity test.[31]  He did not identify the clearly established law, thereby failing to carry his burden.  As a result, he did not - and could not - carry his burden to demonstrate the defendants' actions were objectively unreasonable in light of clearly established law.

For example, he does not identify any then-existing precedent holding that rejecting an inmate's grievance (as outside the scope of the prison grievance process) renders his post-deprivation remedies constitutionally inadequate.[32]  He does not identify any clearly established law regarding allegedly deficient content of the administrative record.  He does not identify any clearly established law regarding a scheduling order directing the matter will be decided on written submissions and setting a briefing schedule.[33]  He does not identify any clearly established law

---

[30] Appellants' Original Brief, at 31-34.

[31] In order to defeat an assertion of qualified immunity, the plaintiff must prevail on both prongs of the qualified immunity analysis.  *Cunningham*, 983 F.3d at 191.

[32] Savage sets out these claims in his Complaint in Counts 1 and 2 (at ROA.20) and in Count 8 (at ROA.22-23).

[33] Savage sets out these claims in his Complaint in Counts 3, 4, and 5, at ROA.20-22.

regarding filing an affidavit in a totally different lawsuit.[34]  He does not identify any clearly established law regarding the alleged <u>post</u>-deprivation concealment and failure to report <u>pre</u>-deprivation events.[35]

Perhaps most fatal to his claims, he doesn't identify (which is his burden) any clearly established law holding those matters render state post-deprivation process constitutionally inadequate while that process remains ongoing and where Savage has not yet fully utilized that process.  And he certainly does not demonstrate how the Appellants' actions were objectively unreasonable in light of the clearly established law he failed to identify.

As a result, the district court erred and the Appellants are entitled to qualified immunity as a matter of law.  He cannot correct his legal failure by amending his complaint.  An amendment cannot cure his failure to identify the clearly established law, much less his failure to demonstrate how each Appellant's individual actions were objectively unreasonable.  This Court should dismiss all claims against them.

---

[34] Savage sets out these claims in his Complaint in Counts 6 and 7, at ROA.22.

[35] Savage sets out these claims in his Complaint in Counts 9 and 10, at ROA.23-24.

**V.** **Savage does not show that the district court actually performed the defendant-by-defendant qualified immunity analysis this Court requires.**

**A.** **The district court's cursory denial of qualified immunity clearly failed to conduct the mandatory qualified immunity analysis.**

In their original brief, the Appellants discussed how and why the district court reversibly erred when it failed to conduct the defendant-by-defendant qualified immunity analysis mandated by controlling law.[36] Savage's brief does not refute Appellants' arguments.

When, as here, the district court denies a qualified immunity-based motion to dismiss, the district court is required to specifically address why it is rejecting each defendant's assertion of qualified immunity. The district court failed to do so. It "did not fulfill its duty" when it denied the Appellants' motion to dismiss without first specifically determining that the plaintiff carried his burden to overcome the qualified immunity defense.[37] Instead, here the district court denied the Appellants'

---

[36] Appellants' Original Brief, at 37–41. See *Spikes v. McVea*, 12 F.4th 833 (5th Cir. 2021) (on panel rehearing), further reh'g denied, No. 19-30019, 2021 WL 4978586 (5th Cir. Oct. 13, 2021), citing *Taylor v. Riojas*, --- U.S. ---, ---, 141 S.Ct. 52, 54, (2020) (noting "an officer-by-officer analysis will be necessary on remand") and *Dyer v. Houston*, 964 F.3d 374, 382 n. 6 (5th Cir. 2020) (noting that, for qualified immunity, the Court must assess each officer's individual conduct).

[37] *Zapata v. Melson*, 750 F.3d 481, 485–86 (5th Cir. 2014); overruled on other grounds by *Carswell v. Camp*, 37 F.4th 1062, 1067 (5th Cir. 2022) (petition for rehearing *en banc* pending).

assertion of qualified immunity in a passing mention and with no analysis.  That was legal error.

As the Appellants noted in their original brief, the Magistrate Judge's qualified immunity discussion was legally insufficient because it did not contain any actual analysis.[38]  Rather it was short and conclusory:[39]

> Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be denied in part. The plaintiff's allegations, accepted as true, state a claim for conspiracy and violation of his right to procedural due process.

This 2-sentence conclusion merely refers back to the Magistrate Judge's *recitation* of Savage's allegations (at ROA.273-275).  There simply is no qualified immunity analysis.

The district judge did not perform the qualified immunity analysis either.  It in overruling the Appellants' Objections to the Magistrate Judge's Report and Recommendation, the district court merely echoed the Magistrate Judge:[40]

> To the contrary, the Magistrate Judge's report contains a clear recitation of the facts and an analysis of each Defendants'' *(sic)* potential role in the alleged conspiracy. *See* (Doc. 39, p. 4-5).[41]

---

[38] Appellants' Original Brief, at 39-41.

[39] ROA.276, "Magistrate Judge's Report and Recommendation".

[40] ROA.301.

[41] The district court's citation is to ROA.274-275.

However, as previously mentioned, the Report and Recommendation does not contain "an analysis" of each Appellant's "potential role in the alleged conspiracy". More importantly for qualified immunity purposes, it does not contain any legal analysis of the actions *each* Appellant allegedly individually took that violated Savage's clearly established constitutional rights.

### B. Savage does not show where or how the district court specifically addressed why it rejected each Appellant's assertion of qualified immunity

Faced with the district court's clearly insufficient analysis regarding the denial of qualified immunity, including its failure to specifically address why it is rejecting each defendant's assertion of qualified immunity, Savage mounts a half-hearted defense of the district court's ruling. Although Savage defends the district court's work, he notably does not cite to any actual analysis conducted by either the Magistrate Judge or the district judge.

Savage states in his brief that the Magistrate Judge "recited in detail" Savage's allegations.[42] But that misses the distinction between merely *reciting* Savage's allegations on the one hand, and actually performing the mandatory defendant-by-defendant qualified immunity *analysis*, on the other hand. That second hand is empty, because neither the Magistrate Judge nor the district judge performed the

---

[42] Savage's Original Brief, at 31.

required analysis.  Savage's adoption of the district court's insufficient analysis does not overcome the Appellants' assertion of qualified immunity.

Additionally, Savage asserts in his brief that he performed the qualified immunity analysis and concludes the Appellants are not entitled to qualified immunity.[43]    However, just as with the Magistrate Judge's Report and Recommendation (and the district court's adoption of it by reference), it is merely a *recitation* of Savage's claims.  It does not actually *analyze* why each Appellant is not entitled to qualified immunity.  As a matter of law, that type of discussion is no sufficient to overcome the assertion of qualified immunity.

### C.    Savage's assertions of a conspiracy do not remove his burden to overcome Appellants' assertion of qualified immunity.

Throughout, the Appellants have argued that qualified immunity bars Savage's underlying due process claims.  When qualified immunity bars the underlying claims, there [is] no need to reach the issue of whether a conspiracy existed to engage in those actions."[44]

Additionally, qualified immunity bars Savage's claims of a conspiracy.  As the Appellants argued in their original brief, Savage's conspiracy allegations in his

---

[43] Savage's Original Brief, at 6-8.

[44] *Bevill v. Fletcher*, 26 F.4th 270, 275 (5th Cir. 2022).

Complaint do not overcome the Appellants' assertion of qualified immunity.[45] Savage's brief does not carry his burden either.

Under 42 USC §1983, conspiracy can furnish the "conceptual spring" for imputing liability from one person to another.[46] The plaintiff in a §1983 conspiracy claim must allege facts that establish "the existence of a conspiracy involving state action".[47] That is, he must allege the existence of "an agreement to do an illegal act".[48]

The general rules regarding the qualified immunity analysis do not disappear merely because Savage asserts the Appellants rendered post-deprivation proceedings constitutionally inadequate via a conspiracy rather than by direct personal actions. In a §1983 action "a plaintiff must plead that each Government-official defendant, ***through the official's own individual actions,*** has violated the Constitution".[49] Precedent requires the courts to conduct the qualified immunity analysis defendant-by-defendant, not collectively.[50] It is not enough to assert legal conclusions without well-pleaded facts supporting those conclusions.[51] "Naked

---

[45] Appellants' Original Brief, at 34-37.

[46] *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984).

[47] *Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019).

[48] *Bevill*, 26 F.4th at 274-75.

[49] *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasis added).

[50] *Dyer*, 964 F.3d at 383, fn. 6.

[51] See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

allegations or legal conclusions masquerading as something more will not thwart dismissal."[52]

Savage's mere adoption of the district court's plainly insufficient qualified immunity analysis does not meet his burden to overcome the assertion of qualified immunity. Neither does Savage carry his burden to show he pleaded "specific facts to overcome the [qualified immunity] defense" on a defendant-by-defendant basis.[53] Accordingly, the Appellants are entitled to qualified immunity and this Court should dismiss Savage's claims against them.

### D. Savage's argument on the defendant-by-defendant analysis issue almost totally fails to even mention the individual Appellants.

Finally, Savage's discussion on the district court's failure to perform the mandatory defendant-by-defendant analysis, if anything, demonstrates the district court's error.[54] Over the course of his discussion about the defendant-by-defendant analysis, Savage almost *exclusively* refers to the Appellants collectively as the "Prison Officials". That is precisely the wrong way to analyze the issue. Tellingly, he does not even mention the name of a single Appellant in that section of his argument. That failure highlights the absence of the required defendant-by-

---

[52] *Shaw*, 918 F.3d at 419.

[53] *Terwilliger*, 4 F.4th at 284.

[54] Savage's Original Brief, at 27-32.

defendant analysis by both the district court and by Savage.  The lack of that analysis requires this Court to reverse the denial of qualified immunity.

Even a brief look at Savage's complaint demonstrates the failure.  Savage does not even mention the name of six of the eight Appellants (Vannoy, J. Lamartiniere, Delaney, Coody, Rosso, and Morris) anywhere in his entire Argument portion of his brief.[55]  He mentions LeBlanc and Hood only once each, and then only in a passage that recites his conclusory allegations of conspiracy.[56]  In the absence of the required defendant-by-defendant analysis, Savage fails in his burden to show that each specific Appellant's conduct was objectively unreasonable in light of then-clearly established precedent.

This further demonstrates Savage's failure to overcome the Appellants' assertion of qualified immunity, why they are entitled to qualified immunity, and why this Court should dismiss Savage's claims against them.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above and in their original brief, the Appellants' are entitled to qualified immunity.  The district court erred when it denied the Appellants' qualified immunity-based motion to dismiss.  This Court should *reverse*

---

[55] Savage's Original Brief, at 14-32.

[56] Savage's Original Brief, at 23.

the district court, ***find*** they are entitled to qualified immunity, and ***dismiss*** Savage's claims against them, with prejudice.

Respectfully Submitted,

JEFF LANDRY
ATTORNEY GENERAL
STATE OF LOUISIANA

*/s/André Charles Castaing*
André Charles Castaing (LSBA #17509)
Assistant Attorney General
Lead Counsel on Appeal
CastaingA@ag.louisiana.gov

Phyllis E. Glazer (LSBA #29878)
Assistant Attorney General
Trial Counsel
GlazerP@ag.louisiana.gov

LOUISIANA DEPT. OF JUSTICE
Litigation Division, Appeals Section
1885 North Third Street
P. O. Box 94005 (70804-9005)
Baton Rouge, LA 70802
Telephone:  225-326-6300
Facsimile:   225-326-6495

*Attorneys for the Defendants-Appellants*:
*James M. LeBlanc, Darrel Vannoy, Joseph Lamartiniere, Tim Delaney, Shirley Coody, Saundra Rosso, Heather Hood, and Lucius L. Morris, II*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>July 26, 2022</u>, I electronically filed the foregoing with the Clerk of Court for the U.S. Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.  All parties are represented by counsel.  All counsel of record are registered CM/ECF users and will be served by the appellate CM/ECF.

*/s/André Charles Castaing*
ANDRÉ CHARLES CASTAING

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,<br>TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS</u>

1.     This document complies with the type-volume limit of FRAP 32(a)(7)(B) because, excluding the parts of the document exempted by FRAP 32(f), this document contains <u>4,624</u> words.

2.     This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6) because this document has been prepared in a proportionally spaced typeface using *Microsoft Word 2016* in *14 pt. Times New Roman font (12 pt. Times New Roman font for footnotes)*.

*/s/André Charles Castaing*          *July 26, 2022*
ANDRÉ CHARLES CASTAING          Date